DON C. McGOWAN, Respondent, v. CHARLES C. GARDNER et al., Appellants.

St. Louis Court of Appeals, January 5, 1915.

1. **APPELLATE PRACTICE: Ruling on Demurrer to Evidence: Prerequisite to Review.** A refusal of the trial court to give an instruction in the nature of a demurrer to the evidence is not reviewable, unless all the evidence adduced is presented to the appellate court.

2. **PLEADING: Petition: Construction After Verdict.** After verdict, the petition is to be more liberally viewed, to the end of making out a cause of action, if such may be done, by fair inference and reasonable intendment.

3. **APPELLATE PRACTICE: Defects in Pleading: Clerical Error.** A statement in a petition which renders it vulnerable to attack as not stating a cause of action cannot be rendered innocuous, on appeal, by a suggestion that it was a clerical error, since the appellate court must pass upon the petition as it finds it.

4. ————: **Pleading: Fatally Defective Petition: Waiver of Defects.** A failure of a petition to state facts that are essential to the statement of a cause of action is a matter going to the jurisdiction and necessarily fatal, and hence the defendant is not precluded from complaining of such defect, on appeal, by reason of having tried the case as though the petition were sufficient.

5. **EVIDENCE: Judicial Notice: Election Precincts.** The appellate court cannot judicially know that a ward of a city of the third class constituted one election district.

6. **ELECTIONS: Action Against Judges: Pleading.** In an action against judges of election to recover damages for acts done by them in the discharge of their official duties, the cause of action must be alleged with considerable technical precision.

7. ————: ————: **Pleading: Sufficiency of Petition.** In an action against judges of election, for their refusal to allow plaintiff to vote at an election, the petition alleged that defendants were the judges of election of the fourth ward, that plaintiff was "a citizen and resident of said fourth ward," that the city, on a certain date, "held a general election at the various voting precincts in said fourth ward," and that defendant election judges refused to permit plaintiff to vote

at said election. The petition did not aver that plaintiff was a resident of the voting precinct or election district of the fourth ward in which he offered to vote, nor did it aver that the fourth ward constituted one voting precinct or election district. *Held*, that the petition did not state a cause of action, in view of Art. 8 of the Constitution, which prescribes the qualifications of voters, and Sec. 5800, R. S. 1909, which provides that each voter shall vote in the precinct in which he resides, for the reason that it did not aver that plaintiff offered to vote in the particular precinct or election district in which he resided.

8. ————: ————: **Liability of Judges.** In performing the duties of their office, election judges act in a judicial capacity and cannot be held liable in damages for a mere error of judgment; and hence they are not liable for their refusal, in good faith, to permit a qualified voter to vote, but are liable, in such a case, only where they act maliciously or fraudulently.

Appeal from Knox Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

REVERSED AND REMANDED.

*Millan & Banning, James E. Cooley, James Dorian, P. J. Rieger, J. E. Rieger* and *A. Doneghy* for appellants.

(1) The petition does not state facts sufficient to constitute a cause of action. Blair v. Ridgley, 41 Mo. 182; Curry v. Cablis, 37 Mo. 130; Murphy v. Ramsey, 114 U. S. 55; Blanchard v. Stearns, 5 Metc. 298. (2) The averments that he was legally qualified to vote, all of which was known to defendants, and that they wilfully, maliciously and wrongfully refused to permit him to vote, are all legal conclusions and not warranted by facts stated. Curry v. Cablis, 37 Mo. 330; Blair v. Ridgley, 41 Mo. 182; Murphy v. Ramsey, 114 U. S. 55; Pearce v. State, 1 Sneed 63; Quinn v. State, 35 Ind. 485. (3) The allegation of a conclusion of law raises no issue, it need not be denied, and its truth is not admitted by demurrer. Malinkrodt Works v. Nemnich,

169 Mo. 388. (4) The right to vote is not a natural one, but is conferred by statute. 10th Am. & Eng. Cy. Law (2 Ed.), p. 568; Blair v. Ridgley, 41 Mo. 63. (5) In an action on a statutory right the plaintiff must allege with definiteness and certainty every fact necessary to make out his title. 6 Cy. P. & Practice, page 264; Bliss Code Pldg., sec. 310. (6) The term "residence" as used in the clauses of the Constitutions of the various States defining political rights, is synonymous with "domicil," denoting a permanent dwelling place. 10 Am. and Eng. Cy. Law (2 Ed.), p. 598; State ex rel. Banta, 71 Mo. App. 32; State ex rel. v. Sheperd, 218 Mo. 656. (7) The intention which gives residence is an unconditional intention to stay always. The Venus, 8 Cranch, top page 131, 278; The Venus, 8 Cranch, top page, 121, 290; School District v. Matherly, 90 Mo. App. 407; Smith v. Croom, 7 Fla. 81; 4 Hun (N. Y.) 487; Bartlett v. Ny, 5 Saund. 44; In re Thompson, 1 Wend. (N. Y.) 43; Hascall v. Hartford, 107 Tenn. 355; Statton v. Brigham, 2 Sneed 420; Johnson v. Twenty-one Bales, 13 Fed. Cas. 7, 417; Vandeopol v. O'Hanlan, 53 Iowa, 246; Whicker v. Hume, 7 H. L. Cas. 164. (8) To effect a change of residence both the factum and animus must exist. A new residence is not acquired until there is not only a fixed intention of establishing a permanent abode in some other place, but, also, until this intention has been actually carried out by actual residence there. Boyd's Exrs., 149 S. W. 1022; 14 Cyc. 838; Wyrick v. Wyrick, 162 Mo. App. 723; Mitchell v. U. S., 21 Wall. 352; Lowry v. Bradley, 1 Speers' Eq. (S. C.) 1; 10 Am. & Eng. Cy. Law (2 Ed.), p. 599; Greene v. Beckwith, 38 Mo. 385; State ex rel. Finn, 4 Mo. App. 356; 10 Am. & Eng. Cy. Law (2 Ed.), p. 14. (9) Under section 7 of article 8, Constitution of Missouri, a student must establish his intention to make the seat of learning his place of residence by acts entirely disconnected with or dependent upon his attendance as a student at the place where

the institution of learning is located. The presumption
is that he did not intend to fix there permanently. In
re Garvey, 147 N. Y. 117; In re Goodman, 146 N. Y.
284; Fry's Election Case, 71 Pa. St. 302; Saunders v.
Getchnell, 76 Me. 158; Vandopoel v. O'Hanlan, 53 Iowa.
246; 10 Am. & Eng. Cy. Law (2 Ed.), 605. (10) The
term residence had been defined, by the courts of this
state, as a permanent place of abode, prior to the adop-
tion of the Constitution of 1875 prescribing residence
as a qualification to vote. Green v. Beckwith, 38 Mo.
385; Adams' Admrs., 37 Mo. 197.

*C. E. Murrell, F. H. McCullough* and *Higbee &
Mills* for respondent.

ALLEN, J.—This action was begun in the circuit
court of Adair county. A change of venue was granted
to the circuit court of Knox county, where the cause
was tried before the court and a jury, resulting in a
verdict and judgment for plaintiff for the sum of one
dollar, and the defendants appeal.

The petition alleges that on Tuesday, April 2,
1912, plaintiff "was a male citizen of the United States,
over the age of twenty-one years, and had on said day
resided in this State and in the fourth ward of the
city of Kirksville, in Adair county, Missouri, more than
one year, immediately preceding the election held in
the city of Kirksville on said day, and he was on said
day a citizen and resident of said fourth ward in said
city and legally qualified to vote at said election in
said ward, all of which was well known to the defend-
ants; that on said day said city of Kirksville, which is
a city of the third class, held a general election at the
various voting precincts in said fourth ward, for the
election of councilmen in said city, and the defendants
and two others were duly appointed and acting judges
of election in the fourth ward of said city of Kirks-

ville at said general election; that the defendants were the receiving judges at said election in said ward.''

The petition then avers that on said day plaintiff ''appeared before the defendants and the other judges at said election in said fourth ward, in said city of Kirksville, and requested of the defendants one ballot of each political party to be voted for at said election; that plaintiff then and there offered to take his corporal oath before the judges of said election that he was then a male citizen over twenty-one years of age, and that he was then a resident of said fourth ward of said city of Kirksville and had been for more than one year immediately preceding said election, but the defendants refused to administer said oath to plaintiff, and wilfully, fraudulently, knowingly, maliciously and corruptly refused to permit plaintiff to cast his ballot for councilmen at said election.''     And plaintiff prays judgment for $100 actual damages and $1000 punitive damages.

To the petition the defendants interposed a demurrer, which was overruled, and thereupon filed their answer, which admits that the city of Kirksville is a city of the third class, that on April 2, 1912, a general election was held in such city, and particularly in the fourth ward thereof, for the election of councilmen, and that defendants and two others were the duly appointed and acting judges at said election, and denies generally the other allegations of the petition.

It is urged here that the petition is fatally lacking in essential averments; and numerous assignments of error are made with respect to the giving and refusing of instructions. It is also urged that the court erred in overruling the demurrer of defendants offered at the close of all the evidence, but since the appellant has not brought the evidence here, there being but a skeleton bill of exceptions before us, we cannot pass judgment upon this assignment of error.

It is said that the petition is fatally defective in that it does not allege facts necessary to show that plaintiff was in fact a qualified voter when he offered to vote upon the occasion in question. It is contended that the averment that plaintiff was "legally qualified to vote at said election" is not the statement of a fact, but a mere legal conclusion of the pleader. This position finds support in the decisions of the Supreme Court of this State in Blair v. Ridgley et al., 41 Mo. 63, l. c. 180, et seq., and Curry v. Cabliss et al., 37 Mo. 330. In each of the cases just cited, however, the question arose upon demurrer to the petition, and not, as here, after verdict, when the petition is to be more liberally viewed and a cause of action may be made out by fair inference and reasonable intendment. It will not be necessary, however, for us to pass upon this question.

Neither shall we decide whether it was necessary, as appellant contends, for plaintiff to aver not only that he was a male citizen of the United States, over twenty-one years of age, and to make the further necessary allegations respecting his residence in the State and city aforesaid (Constitution, article VIII, section 2), but to further aver that he was not an officer, soldier or marine in the regular army or navy of the United States, nor an inmate of any poorhouse or other asylum, nor confined in any public prison, and that he had not been convicted of a felony or other infamous crime, or of a misdemeanor connected with the exercise of the right of suffrage. [See sections 8, 10 and 11 of article VIII of the Constitution; section 5800, Revised Statutes 1909.] This question was not passed upon in either Blair v. Ridgley or Curry v. Cabliss, supra; but it was held in Murphy v. Ramsey, 114 U. S. 15 (where there was no general averment that the plaintiff was a legally qualified voter), that a declaration in an action of this character was fatally defective which failed to negative the existence of such facts as

would disqualify the plaintiff as a voter under the organic law in force. But we deem it unnecessary to express any opinion on this subject.

It is urged, among other things, that the petition does not aver that plaintiff offered to vote in the precinct or election district in which he resided at the time, and that the petition for this reason fails to state facts sufficient to constitute a cause of action. It will be noted that the petition avers that plaintiff was, on the day of the aforesaid election, "a citizen and resident of said fourth ward in said city," and that the city on this day held a general election at the various voting precincts in said fourth ward." The petition nowhere avers that plaintiff was a resident of the voting precinct or election district in which he offered to vote. There is no averment that the fourth ward of the city of Kirksville constituted one voting precinct or election district. On the contrary, it is inferentially stated that said fourth ward comprised more than one voting precinct, for it is averred that a general election was held on the day in question "at the various voting precincts in said fourth ward." Respondent asserts that the language of the petition last quoted is clearly a "clerical error," and that it was intended to allege that a general election was held at the various voting precincts in the city of Kirksville, and not in the fourth ward thereof. But we must necessarily take the petition as it appears before us in the abstract.

The further contention of respondent is that the case was tried upon the theory that the fourth ward constituted a single voting precinct, and that appellant should not now be permitted to complain on this score. There is but little in the record which could be said to support this contention; but be this as it may, the want of essential averments in the petition, necessary to the statement of a cause of action, is a matter going to the jurisdiction, and necessarily fatal.

What shall constitute the qualifications of a voter are prescribed by article VIII of the Constitution. These qualifications are reiterated in the statute (section 5800, Revised Statutes 1909), which further provides that "each voter shall vote only in the township in which he resides, or if in a town or city, then in the election district therein in which he resides." In the instant case we cannot judicially know that the fourth ward of the city of Kirksville, on April 2, 1912, constituted one election district. If such be true, we cannot take judicial notice of it. It is necessary for plaintiff to allege and prove not only that he possessed all of the qualifications necessary to entitle him to cast his ballot at the aforesaid election, but that he offered to vote in the election district in which he resided, for otherwise no liability whatsoever could attach to the defendants for refusing to permit him to cast his ballot.

In a case of this character, where it is sought to recover damages against judges of election for an act done in the course of the discharge of their official duties, the cause of action is required to be alleged with considerable technical precision. [Blair v. Ridgley, supra.] Here not only is a necessary averment lacking, to-wit, that the plaintiff offered to cast his ballot at the voting place in the election district of his residence, but the petition in this respect is not in any manner helped out by any inference to be drawn from other facts pleaded. On the contrary it is at least inferentially stated that there are several voting precincts in the ward in which plaintiff is alleged to have resided. We are therefore of the opinion that the petition is fatally defective on this ground.

In a case of this character there must be proof that the defendants acted maliciously, or fraudulently in refusing to permit the plaintiff to vote. It is a well recognized principle of law that no action will lie against officers of election for refusing to receive a

vote where they are guilty of no malice or fraud, but in good faith exercise their best judgment in the premises, even though a legally qualified elector is thereby deprived of his right to vote. In performing the duties of such an office an election judge acts in a judicial capacity, and upon reason and authority he cannot be held liable for damages for a mere error in judgment. [See Blake v. Brothers, 79 Conn. 675; 11 L. R. A. (N. S.) 501, and authorities cited in note.] What the proof shows as to this we know not, since the evidence has not been brought up; but as we have decided to remand the cause, we here refer to the character of proof necessary to sustain a verdict in plaintiff's favor, as a matter to be reckoned with upon a future trial should one be had.

There are questions raised other than those to which we have referred above, but it is not necessary to discuss them.

The judgment is reversed and the cause remanded, with leave to plaintiff to amend his petition if so advised. *Reynolds, P. J.,* and *Nortoni, J.,* concur.