G. Derk Green, Appellant, v. Lon R. Owen, Respondent.—38 S. W. (2d) 496.

Kansas City Court of Appeals. Opinion filed May 4, 1931.

*G. Derk Green pro se.*

*Lon R. Owen pro se.* (No Brief.)

CAMPBELL, C.—Plaintiff filed notice to contest the election of defendant to the office of city attorney of the city of Marceline, in Linn county, Missouri. The defendant presented a general demurrer to the notice, which the court sustained, and plaintiff refusing to plead further, the trial court entered an order dismissing the cause. Plaintiff was allowed an appeal therefrom to the Supreme Court. The Supreme Court transferred the cause to this court because it was without appellate jurisdiction.

The notice of contest fills the office of a petition and, therefore, must, in order to confer jurisdiction, state facts sufficient to constitute a cause of action. [Hale v. Stinson, 198 Mo. 134, 146, 95 S. W. 885.]

The sufficiency of the notice of contest was put in issue by the demurrer, and an examination of the averments of the notice is therefore necessary.

It is stated in the notice that the plaintiff "possesses all the qualifications necessary to entitle him to hold said office;" that "he received more legal and valid votes for election to the office than were cast for the contestee;" that "he was at the date of said election and is now eligible and qualified to take and have said office, and that he has complied with every requisite of law entitling him to have a commission for said office;" that "legal votes" cast for him were counted for defendant; that "a large number of ballots were lawfully cast for contestant . . . by legally and duly qualified electors" and counted for defendant; that "legal and regular votes for contestant were not counted for him;" that "legal and regular ballots for contestant were" wrongfully rejected; that "irregular and illegal votes" were counted for defendant. There are many like allegations in the notice. And—"contestant further says that he will contest the legality of all the votes in favor of the contestee cast or given by any of the persons whose names appear in the printed list of voters following." This allegation is followed by the statement that such votes were cast by persons who were not over the age

of twenty-one years or who were not citizens of the United States or of this State, or who had not resided in this State for one year prior to the election or in the city of Marceline for sixty days, etc., and because many of said persons of foreign birth ''whose names are given in such printed list'' fraudulently procured naturalization as citizens and fraudulently voted when not entitled to vote.

It is disclosed by the record that no list was filed or furnished. It is conceded that the failure to name the illegal voters mentioned in the list is fatal to that part of the notice; but it is contended that the remaining allegations of the notice are sufficient. We do not think so. Apart from the allegations relating to those whose names were said to be stated in the list, there is not a sufficient statement of fact showing that plaintiff was voted for by anyone having the right to vote.

It was ruled in this State in an early day that the allegation ''legally qualified to vote at said election'' is not a statement of fact but a mere legal conclusion of the pleader. [Blair v. Ridgley, 41 Mo. 63, 180; Curry v. Cabliss, 37 Mo. 339; McGowan v. Gardner, 186 Mo. App. 484, 489, 172 S. W. 408.]

It is evident that the quoted terms ''legal voters,'' ''legal and regular ballots,'' etc., are not the statements of facts, but mere legal conclusions.

It has been said ''a legal conclusion of the above character tenders no issue of fact, and may be attacked collaterally at any stage of the proceeding, without resorting to a motion to make it more definite and certain.'' [Kramer v. Company, 311 Mo. 369, 384, 279 S. W. 43.]

''The allegation quoted is simply the averment of a legal conclusion; not the statement of issuable facts; not, therefore, either traversable or demurrable, and is to be treated as no statement at all, and consequently obnoxious to attack by general demurrer.'' [Mallinckrodt v. Nemnich, 169 Mo. 388, 397, 69 S. W. 355.]

But there is another reason why we cannot disturb the judgment below. The notice of contest was filed on April 14, 1928. The demurrer was filed on June 4, 1928. There is no showing in the record that notice of contest was served on the defendant by any officer of Linn county, Missouri.

In the case State ex rel. v. Robinson, 270 Mo. 212, 228, 192 S. W. 1001, the notice of contest was served by a private person. Thereafter the defendant appeared to the action. The court held that such appearance did not waive the statutory notice; that service by a private person was void, and that the failure to have the initial process served by the ''official process server of the court'' was fatal.

SAID THE COURT: ''If the notice by contestant was not given in time or was not validly served the court never acquired any juris-

diction of the subject-matter, and jurisdiction of this kind cannot be waived.''

· It follows that the judgment should be, and is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

· PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.