STATE OF MISSOURI at the Relation of WILLIAM G. KAYSING, Relator, v. O'NEILL RYAN, Judge of the Circuit Court of the City of St. Louis.—67 S. W. (2d) 983.

Court en Banc, February 3, 1934.

744

*Eugene M. Guise, William Robert Davis* and *William Kohn* for relator.

*Harry Troll* for respondent.

PER CURIAM: Relator seeks to prohibit respondent from further entertaining a proceeding to contest the election of relator as Republican Ward Committeeman for the Fifteenth Ward of the city of St. Louis.

Within the time provided by statute, contestant, Eugene P. Farris, caused contestee to be served with a notice of election contest. This notice was duly served by a deputy sheriff of the city of St. Louis, and was thereafter duly filed in the circuit court of said city. The petition for prohibition sets out the notice of contest wherein it is alleged that contestant was elected as committeeman of said ward, but on account of an erroneous count of the ballots and on account of other matters alleged in said notice, the returns showed that relator, Kaysing, was elected as committeeman of said ward. The official count and certification of the ballots showed that Kaysing received 1868 votes and Farris 1738. Whereupon said Kaysing was declared elected, received a certificate of election, entered into said office and is now discharging the duties thereof.

After the institution of the contest, the circuit court, on application of contestant, made an order directing contestee to appear and show cause why the court should not by order direct the opening of the ballot boxes and a recount of the ballots. In obedience to said order the contestee made return thereto in the nature of a demurrer attacking the jurisdiction of the court on the ground that the notice of contest did not state facts sufficient to constitute a cause of action. The circuit court overruled contestee's demurrer and ordered the Board of Election Commissioners to open the ballot boxes, and recount the ballots in the manner provided by law. Pursuant to said order, the Board of Election Commissioners fixed the date for the opening of the ballot boxes and the beginning of the recount. Thereupon contestee sought the intervention of this court

through its writ of prohibition. Our preliminary rule issued, to which respondent made return, and relator then filed a motion asking that the preliminary rule be made absolute. The case was thus submitted on the pleadings.

Relator contends that the notice of contest did not state facts sufficient to give the circuit court jurisdiction.

Section 10339, Revised Statutes 1929, under which this contest was brought provides that "the several circuit courts shall have jurisdiction in cases of contested elections for county and municipal offices, in all cities now having or hereafter attaining three hundred thousand inhabitants, . . . but no election . . . of any county, municipal or township officers, shall be contested unless notice of such contest shall be given to the opposite party within twenty days after the votes shall have been officially counted; the notice shall specify the grounds upon which the contestant intends to rely."

It is clear from a reading of this statute that circuit courts are given general jurisdiction of election contests of the character here involved. However, no circuit court has jurisdiction of any particular election contest until that particular contest is instituted in the manner provided in the statute. The law provides that the notice of election contest fills the office of a petition and its services of a summons. [Hale v. Stimson, 198 Mo. 134, 145, 95 S. W. 885; Green v. Owen, 38 S. W. (2d) 496.] If the notice of contest fills the office of a petition, and if the service of the notice fills the office of a summons, it must logically follow that when such a notice together with proper evidence of due service thereof is filed in the circuit court, it invokes the jurisdiction of that court as to both person and subject matter, the same as the filing of a petition and the service of a summons would do in any ordinary civil action. In the case at bar the record shows that a notice of contest was duly served on contestee by a deputy sheriff of the city of St. Louis, within the time provided by statute, and that such notice together with a showing of due service thereof was duly filed in the circuit court. We, therefore, hold that the circuit court had jurisdiction of both the person and subject matter and was authorized to hear and determine the contest.

We will next notice relator's claim that the notice of contest, which is treated as the petition, did not state facts sufficient to confer jurisdiction on the circuit court. Otherwise stated, the contention is that the petition does not state facts sufficient to constitute a cause of action.

What we said in the recent case of State ex rel. Paul E. Leake et al. v. Honorable Brown Harris et al., 334 Mo. 713, 67 S. W. (2d) 981, so completely answers the contention here made that we quote therefrom the following:

"The trouble with relators' contention is that a failure to state a cause of action or a defective statement of a good cause of action does not necessarily show lack of jurisdiction. Where it may be gleaned from the petition that the cause of action attempted to be stated belongs to that class of cases of which the circuit court has general jurisdiction, that court has jurisdiction to determine the sufficiency or insufficiency of the petition, and, if it should hold a bad petition good, or a good petition bad, such holding would be error which could be corrected by appeal or other appropriate remedy, but it furnishes no ground for prohibition. Speaking to a like question in State ex rel. v. Stobie, 194 Mo. 14, 46, 92 S. W. 191, we said:

" 'For instance, where a court has jurisdiction to render judgments, in ordinary civil causes, it would be manifestly improper to issue a writ of prohibition against it on an application alleging that it was about to pronounce such a judgment on a petition which did not state a cause of action, but which the trial court had held sufficient. . . . A mistaken exercise of jurisdiction with which the court is, by law, invested, does not furnish a sufficient basis for prohibition.' "

Again at page 49 of the same case, we said:

" 'If the court has jurisdiction of the subject-matter, it has the power to decide whether the petition does or does not state a cause of action, and the mere failure of a petition to state a cause of action, or the defective statement of a good cause of action, in no way affects the jurisdiction of the court.' "

In the case of State ex rel. v. Hough, 193 Mo. 615, 91 S. W. 905, the relator asked this court to prohibit the circuit court from proceeding further with an election contest pending in that court. In denying prohibition in that case, we said:

"It is not the office of a writ of prohibition to usurp the functions of an appeal, and we cannot assume that the learned circuit court will permit an insufficient notice of contest to receive his judicial sanction, but, if he should do so, the remedy of the relator is ample in other directions."

In the Hough case, we said further:

"As we have seen, to the circuit courts of this State has been committed by the General Assembly, in obedience to an expressed mandate of the Constitution, the power to hear and determine election contests. The subject-matter, then, of election contests which we are asked to prohibit in this case, is clearly within the jurisdiction of the Circuit Court of the City of St. Louis. To that court is confided, in the first instance, the power to determine whether the notice of contest states enough facts to disclose that it falls within the case of proceedings which the circuit court is authorized to hear and decide. It is not sufficient to justify this court in prohibiting

that court from taking further jurisdiction that, in the opinion of this court, the notice may appear defective or insufficient if the averments may be amended so as to clearly bring it within the jurisdiction of that court.

"In our opinion enough has been stated to bring the case within the jurisdiction of the circuit court, and it is not our province at this time to determine whether the averments, if not amended, will justify the court in admitting testimony which may be offered to sustain those allegations."

In the comparatively recent case of State ex rel. Dawson v. Falkenhainer, Circuit Judge, 321 Mo. 1042, 15 S. W. (2d) 342, the relator sought to prohibit the circuit court from proceeding with an election contest relative to the office of committeeman of the Twenty-seventh Ward of the city of St. Louis. One of the points raised in that case was alleged insufficiencies in the notice of contest. Of that question, this court en banc said:

"Relator points to what he claims to be certain irregularities and insufficiencies in the notice of contest and proceedings in pursuance of it, all of which are for the determination of the respondent judge who had charge of the case."

Relator relies on the cases of Hale v. Stimson, 198 Mo. 134, 95 S. W. 885; Green v. Owen, 38 S. W. (2d) 496, and Costello v. St. Louis Circuit Court, 28 Mo. 259. An examination of the cited cases will show they are not in point here. Neither of them, when considered in the light of their own facts, hold either directly or by inference, that in a case belonging to a class of which the circuit court has general jurisdiction, the failure of the petition to state a cause of action or a defective statement of a good cause of action is ground for prohibition.

Our conclusion is that the trial court had jurisdiction of both the person and the subject matter, and having such jurisdiction, it was authorized to decide whether the notice of contest did or did not state a cause of action.

For the reasons stated, our preliminary rule in prohibition should be quashed. It is so ordered.