STATE OF MISSOURI ex rel. IRA WILLIAMS, Relator, v. The Honorable G. DERK GREEN, Judge of the Circuit Court of Linn County, Missouri, and LUCILLE FUOSS, City Clerk of the City of Brookfield, Respondents, No. 43877—264 S. W. (2d) 334.

Court en Banc, January 11, 1954.

Rehearing Denied, February 8, 1954.

*H. K. West* for relator.

*Errol Joyce* and *Edwin Yagel* for respondents.

 ELLISON, J.,—This is a proceeding in prohibition brought by the relator Ira Williams against Honorable G. Derk Green, judge of the circuit court of Linn County, and Lucille Fuoss, city clerk of the city of Brookfield in said county, to prohibit Judge Green and

those acting under his orders from opening the ballot boxes in a city election held on April 7, 1953, in Brookfield, a city of the third class under City Manager form of government. Two citizens had filed declarations of their candidacy for the office of councilman, but one withdrew leaving only the other, Bernard Farrenkopf, who was defeated in the election. Relator Williams had not filed a declaration of his candidacy but was elected by a "write-in" vote.

Within 20 days under Sec. 124.250, R. S. 1949, Farrenkopf filed with the circuit clerk and served on relator [335] contestee Williams a "Notice of Contest." Thereupon relator contestee Williams filed with the clerk of the circuit court a motion to dismiss, strike out and quash the Notice of Contest. On argument of that motion to dismiss the court permitted the contestant Farrenkopf to amend his Notice of Contest, and on May 27, 1953, ordered the respondent city clerk to open, count, compare and examine the ballots cast at the election which were in her possession and the possession of her successor in office. The clerk gave notice that she would at her office on June 22, 1953, count and examine the ballots. Thereupon the relator Williams, on June 18, 1953, filed this application for prohibition.

■ Relator Williams' first point is that the respondent judge "exceeded his jurisdiction in ordering the opening of the ballots in violation of" Art. VIII, Sec. 3, Const. Mo. 1945. This section does provide that "All election officers shall be sworn or affirmed not to disclose how any voter voted;" but this is followed by a proviso, stating that in cases of contested elections: "Such officers may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence." Next relator asserts: "The assumption of jurisdiction by the respondent [judge] would deprive relator of salary [$1.00 per year] in violation of Due Process clause of the Constitution of Missouri, 1945, Art. 1, Sec. 10." And thirdly it states that proceedings in election contests are purely statutory, citing State ex rel. Phillips v. Barton, 300 Mo. 76, 254 SW. 85.

■ Relator's next point is that "the notice of contest was insufficient to give the court jurisdiction." Under this head five Missouri decisions and two encyclopaedic texts are cited. The latter two are 29 C. J. S., §254, p. 367, and §256, p. 368. Of these the first states that in an election contest the notice is the foundation of the proceeding, and second, that service of notice is wholly regulated by statute but that generally the statutory requirements as to the service and return must be strictly complied with.

Of the five decisions cited, Green v. Owen (Mo.App.) 38 SW. (2d) 496(1) says: "The notice of contest fills the office of a petition and therefore must, in order to confer jurisdiction, state facts sufficient to constitute a cause of action." Likewise, Hale v. Stimson, 198 Mo.134, 145(1) says the notice of contest takes the place of a petition, and

the service of the notice fills the office of a summons in an ordinary suit. See also State ex rel. Kaysing v. Ryan (Mo.banc) 67 SW. (2d) 983, 984(2).

The Notice of Contest filed by the candidate Farrenkopf [defeated in the election] and addressed to Williams, the relator here [who was elected on "write-in" ballots] alleged that 75 invalid, illegal and spurious ballots had been cast for Williams, giving him the office by a majority of at least 50 votes, whereas he [Farrenkopf] had won by a majority of at least 50 votes; that a larger number of legal ballots were cast for Farrenkopf than for Williams.

Contestee Williams filed a motion to quash and strike contestant Farrenkopf's Notice of Contest from the docket, but instead the court allowed him to amend it, so it would read: "That the judges and clerks of election, acting at the voting precincts within the city did not correctly count the legal ballots of voters writing in the name of defendant [contestee] Williams as their candidate on said printed ballots, that more than 75 ballots were counted for contestee as write-in votes wherein the voters casting said ballots did not draw a line through the printed name of candidate for said office appearing therein, or did not write below said cancelled name, the name of the contestee as the person for whom said voters desired to cast their votes, or did not place a cross mark in the square at the left of said cancelled name. That said ballots were illegal, spurious, and contrary to the statute."

Pursuant to a written application filed by counsel for the defeated candidate and contestant Farrenkopf for the office of councilman, the circuit court issued its order and writ directing the city clerk Lucille Fuoss and her successor in office to open, count, compare and examine the ballots cast in the regular city election held in Brookfield on April 7, 1953, for the office of councilman and to certify to the court the result of such canvass, distinguishing between votes counted and those rejected and showing the total number of votes cast in the election for the contestant Farrenkopf and the contestee Williams, as shown by the returns from the judges and clerks of election. The court order further directed that the canvass and examination of the ballots be conducted by the City Clerk in the presence of the contestant Farrenkopf and the contestee Williams. The city clerk notified both parties the canvass and examination would be held on June 22, 1953.

Relator's brief says: "There are, in effect, three points to be determined in this proceeding." It states the first is whether "there is a law permitting a contest in the office of councilman in a city of the third class." This question has been squarely answered by this court within the last month in *State ex rel. Book v. Goodman,* No. 43857 364 Mo. 485, 263 S. W. (2d) 409, a unanimous decision of this court en banc. In that case there was an election contest over the office of

alderman in the City of Caruthersville, a city of the third class. This court ruled the circuit court had jurisdiction.

Next, relator's brief queries whether the circuit court could order the *city clerk* to recount the ballots. Sec. 124.310, R.S.1949 provides that in contested election cases the court in which the case is pending, or the clerk thereof in vacation, "may issue a writ to the clerk of the *county* court of the county in which the contested election was held, commanding *him* to open, count, compare with the list of voters and examine the ballots in his office, which were cast at the election in contest, and to certify the result of such count, comparison and examination, so far as the same relates to the office in contest, to the body or court from which the writ was issued."

The Book-Goodman case just cited, dealing with an election contest over a city officer, held: "When a recount order is entered, the court must follow the mandate of Section 124.310 and order such recount made by the *county* clerk."

However, Sec. 77.040, R.S.1949, applicable to cities of the third class, provides that "all certificates of nomination and petitions therefor, as provided by the state election laws, shall be filed with the city clerk and not with any other officer, and all duties specified to be performed by the constable or sheriff in the state election laws shall be performed by the marshal in city elections; * * *and all duties heretofore performed by the county clerk with reference to city elections shall be performed by the city clerk.*"

In our opinion this section has no application to election contests. They are governed by Sec. 124.310, supra. That section provides the court in which the contest is pending, or the clerk in vacation, shall issue a writ to the clerk of the *county* court in which the contested election was held, commanding *him* to open, count, compare with the list of voters and examine the ballots in his office which were cast in the contested election, and certify the result to the body or court from which the writ was issued. In this case the ballots in question were not ordered to be scrutinized by the *county* clerk, as the statute requires, but by the *city* clerk. The provisional rule in prohibition is made absolute as against any recount of the ballots by the city clerk, and is otherwise discharged. All concur.