**Ray SISCO, Appellant,**

v.

**Bill JAMES and Bob Kielhofner, Clerk of the County Commission of Scott County, Respondents.**

No. 17447.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 17, 1991.

Jim S. Green, Sikeston, for appellant.

Daniel S. Norton, Norton and Norton, Sikeston, for respondent James.

David A. Dolan, Pros. Atty., Scott County, Benton, for respondent Kielhofner.

CROW, Judge.

Bill James was declared the winner over Ray Sisco in the April 3, 1990, election for Mayor of the City of Miner, 147 votes to 142.

Sisco[1] filed a petition to contest the election.[2] At the start of trial, James moved to dismiss the suit because the petition failed to state a cause of action. During the second day of trial, the trial court granted the motion. Sisco appeals.

The portion of Sisco's petition germane to this appeal reads:

"5. [Sisco] further states that the twenty-one (21) voters at the Miner Nursing Home were not properly registered as required by Chapter 115 R.S.Mo.

6. That at least eleven (11) of the said Absentee Ballots were not properly obtained by the voters as required by Chapter 115, R.S.Mo.

7. That the said twenty-one (21) Absentee Ballots were not distributed to the said voters in accord with Chapter 115, R.S.Mo.

8. That at least one (1) voter has said the ballot does not reflect the choice of the voter.

9. That at least one (1) Absentee Ballot was not voted by the voter designated on the ballot.

10. That at least five (5) voters of Absentee Ballots were not physically able to vote.

11. That at least eleven (11) of the said Absentee Ballots were not voted in accordance with the procedures provided by Chapter 115, R.S.Mo.

12. That the said Absentee Ballots were illegal, and therefore should not be counted.

. . . .

14. That because the facts and circumstances set forth herein, all Absentee Ballots cast for Bill James ... are illegal votes ... and ... Contestant, Ray Sisco, is therefore entitled to have the Court declare that the election of the Contestee, Bill James, be set aside and that the ... Contestant, Ray Sisco, be declared the winner of said election, having received the majority of legal votes cast in the said election for Mayor of the City of Miner."

The first of Sisco's two points relied on reads:

"The [trial] court erred in ruling that the petition was insufficient in its allegation of facts as to the irregularities in the process used in the absentee balloting except for 2 instances plead."

In the argument portion of his brief, Sisco states the trial court found paragraphs 8 and 9 sufficient. Whether the record confirms that is debatable.[3] However, that is immaterial inasmuch as paragraphs 8 and 9 concern only two votes in the aggregate, not enough to change the outcome.

Section 115.577, RSMo 1986, pertains to the election contest here. It reads, in pertinent part:

"... The petition shall set forth the points on which the contestant wishes to

---

1. For convenience, we refer to the parties by their respective surnames.

2. In addition to naming James (the contestee) a defendant, the petition named Bob Kielhofner, Clerk of the County Commission of Scott County, a defendant.

3. An entry on the docket sheet reads: "Court finds that pleadings do not conform to the requirements of the statute; that they plead conclusions only with exception of only 2 votes which should not change the course of the election. The Court, with its equitable powers, makes other inquiry and takes evidence but the

contest the election and the facts he will prove in support of such points...."

The sufficiency of a contestant's allegations in an election contest was considered early in this century in *Hale v. Stimson*, 198 Mo. 134, 95 S.W. 885 (banc 1906).[4] In that era, the pleading that commenced an election contest was denominated a "notice." The applicable statute—§ 7029, RSMo 1899—provided that "the notice shall specify the grounds upon which the contestant intends to rely." 95 S.W. at 887. One of the allegations in the contestant's pleading was that "there were many other illegal and fraudulent votes cast for [contestee] at said election, the name or. names of such voters, and the precinct or precincts wherein they voted not being known to [contestant] at this time." Another averment stated "there were many other legal and valid votes cast for [contestant] at said election that were not counted for [contestant], but their names not being known by [contestant], [he] cannot now specifically notify [contestee], of their names or the precinct in which they voted." 95 S.W. at 886. The Supreme Court of Missouri held those allegations stated no "grounds" of action and gave no jurisdiction for a recount. 95 S.W. at 889.

*Hale* was cited with approval in *Armantrout v. Bohon*, 349 Mo. 667, 162 S.W.2d 867 (1942), which explained:

"Since the notice in an election contest takes the place of a petition in an ordinary suit it 'must be judged by the rules pertaining to the sufficiency of a petition' and therefore must contain a statement of facts, not mere conclusions, which give rise to his right of contest or action and these grounds or facts must show the violation of some mandatory provision of the statute law relating to elections or such other conduct as usually invalidates an election. If the notice of contest does not contain such averments it is subject to being dismissed on demurrer." 162 S.W.2d at 869–70.

In *Green v. Owen*, 225 Mo.App. 746, 38 S.W.2d 496 (1931), the contestant's pleading alleged he received more legal and valid votes than the contestee, that legal votes cast for contestant were counted for contestee, that legal and regular votes for contestant were not counted for him, that legal and regular ballots for contestant were wrongfully rejected, and that irregular and illegal votes were counted for contestee. The appellate court held such allegations were not statements of fact, but mere legal conclusions. 38 S.W.2d at 496[2]. The opinion added:

"It has been said 'a legal conclusion of the above character tenders no issue of fact, and may be attacked collaterally at any stage of the proceeding, without resorting to a motion to make it more definite and certain.'" 38 S.W.2d at 496 (citation omitted).

Applying *Hale*, *Armantrout* and *Green*, we hold Sisco's petition fails to plead sufficient facts to state a cause of action for an election contest. Paragraph 5 states no facts demonstrating 21 voters were not properly registered. Paragraph 6 states no facts demonstrating 11 absentee ballots were not properly obtained. Paragraph 7 states no facts demonstrating 21 absentee ballots were not properly distributed. Paragraph 8 states only that one voter *said* the ballot did not reflect his choice; it does not allege the ballot *in fact* did not reflect his choice. Paragraph 10 states at least five voters of absentee ballots were not physically able to vote; however, § 115.-291.1, RSMo 1986, specifically authorizes a person physically incapable of voting his ballot to be assisted by a person of his choice. No facts are alleged demonstrating a violation of that section. Paragraph 11 states no facts demonstrating 11 absentee ballots were illegally voted.

The only allegation arguably pleading facts demonstrating an improper vote is paragraph 9, which avers one absentee ballot was not voted by the voter designated on the ballot. Whether that allegation satisfies § 115.577 (quoted earlier in pertinent part) need not be decided, as the allegation concerns only one vote. Assuming it was

motion of defense is sustained at the conclusion of the taking of that evidence."

**4.** Aficionados of Judge Henry Lamm's rhapsodic prose will enjoy *Hale*.

cast for James, deducting it from his total would still leave him the winner.

*Marre v. Reed,* 775 S.W.2d 951 (Mo. banc 1989), the only case cited by Sisco, does not aid him. There the petition averred, among other things, that at least 14 people who were not qualified to vote in the subject election were registered and allowed to vote. Following an evidentiary hearing, the trial court found irregularities of sufficient magnitude to cast doubt on the validity of the election and ordered a new one. The trial court further stated the irregularities consisted solely of votes cast by persons who were not qualified to vote, and listed the names of 11 such persons. The issue on appeal was whether voter qualifications may be challenged in an action under § 115.553.1, RSMo 1986. The sufficiency of the petition to plead a cause of action was unchallenged, hence the opinion set forth only a segment of one sentence from the petition. Nothing in *Marre* suggests the Supreme Court of Missouri intended to retreat from the pleading requirements of *Hale* and *Armantrout.*

■ A defense of failure to state a claim upon which relief can be granted may be made at the trial on the merits. Rule 55.-27(g)(2).[5] Such defense is never waived. *Hohenstreet v. Sterling National Land Co.,* 706 S.W.2d 80, 84–85[10] (Mo.App. 1986); *Healy v. City of Brentwood,* 649 S.W.2d 916, 920[4] (Mo.App.1983).

However, Rule 67.06 reads:

"On sustaining a motion to dismiss a claim, ... the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default."

Here, Sisco never requested leave to amend his petition.[6]

In *Conroy v. Solon Gershman, Inc.,* 767 S.W.2d 381, 383[5] (Mo.App.1989), the Eastern District of this Court held no trial judge is required *sua sponte* to grant leave to amend a deficient pleading (citing *Greening v. Klamen,* 719 S.W.2d 904, 906[4] (Mo.App.1986)). The Eastern District explained in *Conroy:* "Where a plaintiff fails to seek leave to amend a deficient pleading, the court may assume that he 'has made the strongest presentation of his case which the facts permit and was satisfied with his pleading.'" 767 S.W.2d at 383–84[6].

■ Inasmuch as Sisco did not request leave to amend, Rule 67.06 did not bar the trial court from dismissing Sisco's petition without first granting leave to amend. Sisco's failure to request, and receive, leave to amend distinguishes the instant case from *State ex rel. Graves v. House,* 649 S.W.2d 498 (Mo.App.1983), where the trial court granted leave to amend but no amended pleading was filed.

Sisco does not contend the trial court should have granted him leave to amend. Consequently, no issue is raised about Rule 67.06, and we need not speculate about what the trial court should have done had Sisco requested leave to amend after the trial court dismissed the petition.

■ A pleading which states no cause of action confers no subject matter jurisdiction on a court and is subject to dismissal. *Wright v. Mullen,* 659 S.W.2d 261, 263[4] (Mo.App.1983). The only power a court without subject matter jurisdiction possesses is the power to dismiss the action. Rule 55.27(g)(3); *Wells v. Noldon,* 679 S.W.2d 889, 891[7] (Mo.App.1984); *Gaslight Real Estate Corp. v. Labor and Industrial Relations Commission,* 604 S.W.2d 818, 820[4] (Mo.App.1980). Having concluded Sisco's petition failed to state a cause of action, we hold the trial court did not err in dismissing it. Sisco's first point is denied.

That determination renders it unnecessary to address Sisco's second point, which avers the trial court erred "in not allowing

---

5. Rule references are to Missouri Rules of Civil Procedure (1991).

6. In regard to whether a contestant is permitted to amend his petition in an election contest, see *Mickels v. Henderson,* 642 S.W.2d 661, 663[3] (Mo.App.1982).

**352**

evidence on the improper procedures followed in the obtaining and voting of the absentee ballots from the nursing home." Inasmuch as Sisco's petition was properly dismissed, his second point is moot.

■ However, even if it were cognizable it would be unavailing. Nowhere in the record do we find an offer of proof regarding the "improper procedures" referred to in the second point. Subject to a narrow exception inapplicable here, appellate courts will not review excluded evidence without a specific and definite offer of proof. *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883[14] (Mo. banc 1985).

One loose end remains. Bob Kielhofner, Clerk of the County Commission of Scott County, a defendant below,[7] filed a brief as respondent stating he is not a proper party to the action, consequently "dismissal of respondent, Bob Kielhofner is proper."

Kielhofner filed an answer in the trial court averring he was an improper party and praying the trial court to "remove him as a Defendant in said action." Kielhofner called this prayer to the trial court's attention at the beginning of trial but received no ruling.

By his brief, Kielhofner is evidently seeking our review of the trial court's failure to discharge him. We cannot do so because Kielhofner did not appeal.

■ When only one party appeals, review is limited to the contentions made by him, and allegations of error raised by a respondent will not be considered. *Jones v. Anderson*, 618 S.W.2d 252, 259[11] (Mo. App.1981); *First Bank of Commerce v. Labor and Industrial Relations Commission*, 612 S.W.2d 39, 46[17] (Mo.App.1981); *Pisha v. Sears Roebuck & Co.*, 496 S.W.2d 280, 285[12] (Mo.App.1973).

The order dismissing Sisco's petition is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

7. Footnote 2, *supra.*