Wilma Jean ROBERTS and Kimberly Ruth King, a Minor by her next friend, Wilma Jean Roberts, Plaintiffs-Respondents,

v.

Lora KING, Defendant-Appellant.

No. 45259.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 28, 1982.

Rehearing Denied Oct. 15, 1982.

---

Larry W. Glenn, St. Louis, for defendant-appellant.

James F. Malone, St. Louis, for plaintiffs-respondents.

SNYDER, Judge.

This is an appeal by Lora King from an order of the trial court denying his motion to quash a writ of garnishment in aid of execution of a default judgment entered against King. The default judgment established appellant's paternity and liability for child support of respondent Wilma Robert's daughter, Kimberly Ruth King. The judgment is affirmed.

Appellant's sole contention is that he should be allowed to collaterally attack the judgment in the underlying paternity suit because service was improper, despite the existence of a sheriff's return.

On or about March 26, 1980, the respondent, Wilma Jean Roberts, filed a declaratory judgment petition in which she requested the trial court to declare appellant to be the natural father of her daughter, Kimberly Ruth King, and to order appellant to pay child support. A sheriff's return dated July 18, 1980 states that appellant was personally served at his place of employment. The sheriff's return is regular on its face.

After noting that appellant had not appeared, the trial court entered a default judgment on October 14, 1980 in favor of respondent and against appellant in the amount of $1,500.00 for medical expenses and past child support in addition to $20.00 per week for child support in the future. Respondent subsequently filed a request for garnishment to satisfy the past due child support. Appellant moved to quash the writ.

At the hearing on appellant's motion, appellant introduced evidence that it was not he who was served but rather a fellow employee who was not appellant's agent for service of process. After hearing the evidence, the trial court denied appellant's motion to quash.

The first issue is whether the motion to quash the garnishment was the appellant's proper remedy. "The proper remedy in the face of a writ of garnishment based on judgment void for lack of personal jurisdiction is a motion to quash." *Cloyd v. Cloyd*, 564 S.W.2d 337, 342 (Mo.App.1978). Because appellant's motion to quash was based upon an alleged lack of personal service, it is the appropriate challenge to the execution and garnishment.

Regardless of whether appellant was actually served, the question is whether the sheriff's return is conclusive evidence of service of process. The long standing rule in Missouri is that a sheriff's return which is regular on its face is conclusive on the parties to the suit in which the process is issued. *Hallowell v. Page,* 24 Mo. 590 (1857). This rule applies both to proceedings at law and in equity. See *State ex rel. Seals v. McGuire,* 608 S.W.2d 407, 409 (Mo. banc 1980).

The only exception recognized is where the plaintiff has aided or knowingly taken advantage of a false return. *Johnson v. Wilson Estate, Inc.,* 256 S.W.2d 297, 299 (Mo.App.1953); *Smoot v. Judd,* 184 Mo. 508, 83 S.W. 481, 491[2] (1904). No allegation is made that respondent, who was the plaintiff in the paternity case, either aided or knowingly took advantage of a false return. The remedy of the party who claims that the sheriff's return is false lies in an action for false return against the sheriff or other officer on his bond. *O'Neill v. Winchester,* 505 S.W.2d 135, 137 (Mo.App.1974); *Barnett v. Barnett,* 245 S.W. 579, 580 (Mo.App. 1922); *Phillips v. Evans,* 64 Mo. 17, 23 (1876); *Smoot v. Judd,* 83 at 484[1].

Appellant, however, would have this court create another exception when the rights involved are personal instead of property rights and the damages future and uncertain.

One reason for the rule that a sheriff's return is conclusive on the parties, maintains appellant, is that some courts historically have been concerned that a defendant might otherwise be discharged of his debt and also retain his property by having a judgment set aside in an equity action based on a false return after an execution sale of property.

If he is successful in setting aside the judgment because of the false return, he can recover the property sold at the execution sale. The creditor would have been made whole by the proceeds of the sale. The defendant has his debt discharged and retains his property as well. The only loser is the innocent third party purchaser who relied on the validity of the execution sale. See *Smoot v. Judd,* 83 S.W. at 492.

Although fear of a possible benefit to the defendant is one reason for the rule that a sheriff's return is conclusive with respect to the parties, other justifications exist. First, if attacks on sheriffs' returns were permitted, problems of proof would abound, for often it is simply a matter of the word of the person purportedly served against that of the sheriff. *Smoot v. Judd,* 83 S.W. at 488. Second, the rule of conclusiveness of sheriffs' returns promotes stability of judgments. *Id.* 83 S.W. at 489. Litigation would multiply and individual lawsuits might never cease if collateral attacks on sheriffs' returns were permitted. Third, barring impeachment of sheriffs' returns in actions between parties to the suits promotes the ends of justice by compelling the defendant to maintain an action against the alleged wrongdoer, the sheriff. If a defendant could set aside a judgment rendered against him, the only party punished would be the plaintiff. These reasons illustrate the wisdom of the rule which this court declines to modify.

Accordingly, the judgment is affirmed.

REINHARD, P.J., and CRIST, J., concur.