ORGILL BROTHERS AND COMPANY, INC., Plaintiff-Appellant,

v.

James L. RHODES, d/b/a Rhodes Farm Supply, Defendant-Respondent.

No. 13355.

Missouri Court of Appeals, Southern District, Division Three.

April 25, 1984.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for plaintiff-appellant.

James E. Spain, John Hopkins, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for defendant-respondent.

PREWITT, Judge.

We first discuss defendant's motion to dismiss the appeal which was taken with the case. Defendant contends that the notice of appeal was not timely filed.

Plaintiff filed suit against defendant on July 14, 1981. The sheriff's return states that defendant was personally served with a summons and a copy of plaintiff's petition on July 15, 1981. Defendant defaulted and judgment for plaintiff was entered on October 26, 1981. On March 25, 1983, defendant filed a motion for writ of error coram nobis, contending that he was not served. Following a hearing on April 25, 1983, on May 10, 1983, the trial judge wrote on the case's docket sheet that defendant's application for the writ was granted and that the judgment was vacated. Defendant's attorney was "directed to prepare formal decree".

That decree was entered on June 15, 1983. Plaintiff filed notice of appeal on June 21, 1983. Defendant contends that the notice was not timely because the time when it should have been filed commenced running on May 10, 1983.

If the trial court had intended that the docket entry be its final order constituting the rights of the parties as to the matters then in issue, defendant's contention might be correct. A judgment is sufficient to support an appeal when it appears to have been intended by the court as the determination of the rights of the parties to an action and shows in intelligible language the relief granted. *Byrd v. Brown*, 641 S.W.2d 163, 167 (Mo.App.1982).

Where a docket entry fully and finally determines the rights of the parties and no further entry or document reflecting those determinations is contemplated, then the docket entry may be sufficient to support an appeal. However, as the trial court requested defendant's attorney to

prepare a "formal decree" and thereafter signed such, this establishes that the trial court did not intend the entry on the docket sheet to constitute the document finally determining the rights of the parties. See *Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo. App.1984). That was done by the entry of June 15, 1983 and notice of appeal was timely filed thereafter. As the default judgment against defendant had become final, the order setting it aside was appealable. *Diekmann v. Associates Discount Corporation*, 410 S.W.2d 695, 697–698 (Mo. App.1966). The motion to dismiss is denied.

On the merit of this appeal we must decide whether the trial court should have allowed and followed evidence contradicting the sheriff's return. The return showed that it was served upon defendant "James L. Rhodes". No irregularity is apparent on its face.

Defendant presented evidence that it was his son, James H. Rhodes, who operated Rhodes Supply Company, and who was served by the sheriff. Defendant stated he was not served with process and was unaware that a judgment had been rendered until it appeared in an abstract on property that he owned in Missouri. Defendant asserted "that he was not involved in the business of Rhodes Farm Supply in connection with the account that is the subject of this action and would have a valid defense to any claim made by Plaintiff."

■ Defendant contends that the trial court did not err because it could not enter a judgment against the defendant if it had never acquired personal jurisdiction over him by service and that a court must receive evidence questioning the court's juris-diction or it would be a violation of the defendant's right to due process of law. However persuasive this argument appears, it has been long established in this state that a Missouri sheriff's return, showing service of process, is conclusive upon the parties to that suit. *State ex rel. Seals v. McGuire*, 608 S.W.2d 407 (Mo. banc 1980); *Ballard v. Ryan*, 646 S.W.2d 398, 400 (Mo.App.1983).

■ This rule applies when a party contends he was not served and that another person was erroneously served. *Roberts v. King*, 641 S.W.2d 475, 477 (Mo.App.1982). The reasons for this rule are set forth there. The only exception is where the plaintiff has aided or knowingly taken advantage of a false return. Id. There is no such contention here. The remedy of a party who claims that the sheriff's return is false is an action against the sheriff on his bond. *McGuire*, supra, 608 S.W.2d at 409; *Roberts v. King*, supra, 641 S.W.2d at 477. Evidence contradicting the return should not have been allowed or followed here.

■■ The order of the trial court setting aside the default judgment against defendant is reversed and the cause remanded to the trial court with directions that it reinstate its judgment of October 26, 1981.

GREENE, C.J., CROW, P.J., and HOGAN and MAUS, JJ., concur.