**Kerry KLARFELD, Respondent,**

v.

**Joyce A. DUBOSE, Appellant.**

**No. 49750.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer Denied March 11, 1986.

---

Donna Aronoff Smith, Robert S. Adler, John B. Kistner, St. Louis, for appellant.

Julius H. Berg, Richard J. MaGee, Clayton, for respondent.

CRANDALL, Presiding Judge.

Plaintiff, Kerry Klarfeld, brought an action against defendant, Joyce A. Dubose, to quiet title to certain real property and to enjoin defendant from interfering with plaintiff's use of the property. The trial court entered a default judgment in

favor of plaintiff granting him the relief that he sought. Thereafter, defendant filed a motion to set aside the judgment, alleging lack of personal jurisdiction in the underlying action because she had not been served with the petition or summons in that action. After an evidentiary hearing, the motion was denied. Although defendant characterizes this appeal as an appeal from a judgment by default, we view the appeal as being from the denial of defendant's motion. This is so because defendant cannot directly appeal the default judgment, because no *timely* motion to set aside was filed. Estate of *Kennedy v. Menard,* 690 S.W.2d 465, 468 (Mo.App.1985). We affirm.

We first review the procedural history leading to this appeal. On January 17, 1984, a St. Louis County deputy sheriff made a return of service in the underlying action stating that he personally served defendant by "reading" on January 13, 1984. No answer was filed to plaintiff's petition; and on February 21, 1984, plaintiff was granted an interlocutory judgment in default. On March 26, 1984, a hearing was held and the trial court entered a final judgment by default. On January 2, 1985, defendant filed her motion to set aside the judgment of March 26, 1984. On January 11, 1985, the trial court denied the motion after an evidentiary hearing "on the grounds that the sheriff's return is conclusive" as to service of process.

In her first point, defendant challenges the trial court's refusal to amend the return to conform to evidence contradicting the sheriff's return. The return showed that it was served on "Joyce A. Dubose personal service reading." No irregularity was apparent on its face. At the hearing on the motion to set aside the default judgment, defendant testified that she was not at the residence where service was obtained on January 13, 1984, and that she had not lived there for over three years. She presented evidence that she had, in fact, resided at a certain apartment for over three years.

Defendant urges the application of Rule 54.22, as amended, effective August 13, 1984,[1] in lieu of the prior Rule 54.22.[2] Art. I, § 13 of the Missouri Constitution generally prohibits retrospective application of laws[3] unless (1) the legislature manifests a clear intent that it do so, and (2) the law is procedural only and does not effect any substantive rights of the parties. *State ex rel. Lawyers, etc. v. Elrod,* 636 S.W.2d 396, 398 (Mo.App.1982).

As to the first exception, the legislature did not clearly mandate a retrospective application of the amended rule. As to the second exception, plaintiff received a default judgment on March 26, 1984. The amended rule became effective on August 13, 1984. When the judgment was entered in favor of plaintiff on March 26, 1984, he acquired a vested interest in the judgment as of that date. *See, e.g., Arie v. Intertherm, Inc.,* 648 S.W.2d 142,

---

**1.** Amended Rule 54.22 provides:

The court may in its discretion within one year thereof allow any process, return or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued. The return of service shall be considered prima facie evidence of the facts recited therein. However, the party served, or the sheriff, his deputies and sureties and bondsmen or any other person making the service shall be permitted to show the true facts of service and impeach the return when the return does not comport with the facts as found by the court. The court shall have jurisdiction within the time stated to set aside a judgment if one has been entered or to modify same in whole or

in part as justice requires or take such further action it deems proper.

**2.** Rule 54.22 prior to amendment provided:

At any time in its discretion and upon such terms as it deems just, the court may allow any process, return or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

**3.** Art. 5, § 5 of the Missouri Constitution provides that "[a]ny rule may be annulled or amended in whole or in part by a law limited to the purpose." Pursuant to this authority, the legislature enacted the present Rule 54.22, Laws of 1984, H.B. 947, § 1, p. 792.

159 (Mo.App.1983). Taking the judgment away from plaintiff by applying a rule which became effective almost five months after he received the judgment would deprive plaintiff of a substantive right which he acquired under the law existing at the time the judgment was entered. *See State ex rel. St. Louis-San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410–411 (Mo. banc 1974). Additionally, Art. 5, § 5 of the Missouri Constitution mandates that "rules shall not change substantive rights." To apply the amended Rule 54.22 in the present case would be unconstitutional.[4]

We therefore apply the Rule 54.22 which was in effect at the time the default judgment was rendered. Regardless of whether defendant was actually served, under the prior rule a sheriff's return which was regular on its face was conclusive on the parties to the suit in which process was issued. *Roberts v. King,* 641 S.W.2d 475, 477 (Mo.App.1982). The single exception was where a plaintiff aided or knowingly took advantage of a false return. *Id.* No allegation has been made that plaintiff either aided or took advantage of a false return. Under the previous rule, the remedy of the injured party was an action against the sheriff on his bond. *State ex rel. Seals v. McGuire,* 608 S.W.2d 407, 409 (Mo. banc 1980). Defendant's first point is denied.

In her second point, defendant argues that the conclusive presumption of the sheriff's return violates the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States. Defendant asserts that the conclusive presumption that every service of process is correct violates her right to due process when evidence might prove the contrary. In response to this argument, we quote from *Orgill Bros. and Co., Inc.*

*v. Rhodes,* 669 S.W.2d 302, 304 (Mo.App. 1984):

> Defendant contends that the trial court ... could not enter a judgment against the defendant if it had never acquired personal jurisdiction over him by service and that a court must receive evidence questioning the court's jurisdiction or it would be a violation of the defendant's right to due process of law. However persuasive this argument appears, it has been long established in this state that a Missouri sheriff's return, showing service of process, is conclusive upon the parties to that suit.

Defendant's second point is denied.

The judgment of the trial court is affirmed.

SATZ and PUDLOWSKI, JJ., concur.

---

4. Both parties make reference to Rule 41.06 in their briefs. In this case a final judgment was taken and the time for appeal expired prior to defendant filing her motion. In contrast, in *Gerding v. Hawes Firearms Co.,* 698 S.W.2d 605 (Mo.App.1985), because the returns were deficient, the trial court was without jurisdiction to enter the default judgment against defendants.

The action was therefore still "pending" and this court properly applied amended Rule 54.22. Clearly, in the present case, there was no "pending action" within the meaning of Rule 41.06. Further, for reasons stated in the major opinion, application of amended Rule 54.22 would "work an injustice."