Susan **HOWELL, Stacy Howell, Tamera Howell, d/b/a Sue's Automotive Paint and Supply, Plaintiffs-Respondents,**

v.

**AUTOBODY COLOR COMPANY, INC., Defendant-Appellant.**

No. 14156.

Missouri Court of Appeals, Southern District, Division Two.

May 19, 1986.

---

1. All references to rules are to Missouri Rules of    Court, V.A.M.R.

Ronald R. McMillin, Carson, Monaco, Coil, Riley and McMillin, Jefferson City, for defendant-appellant.

Gregory D. Williams, Sunrise Beach, for plaintiffs-respondents.

MAUS, Judge.

In this action the trial court refused to set aside a default judgment against a corporation. The corporation appeals from the refusal. A condensed outline of the salient facts and pleadings follows.

At times relevant to this case, Autobody Color Company, Inc., (corporation) was a closely held Missouri corporation. Dan Sommerhauser and Linda Sommerhauser were the sole shareholders, officers and directors of the corporation. Linda Sommerhauser was the registered agent. Its principal office, registered office and a retail and wholesale store was in St. Joseph. The corporation also had three retail and wholesale stores in the Kansas City metropolitan area. The corporation had no office or place of business in Camden County.

In 1984, the corporation filed an action in the Circuit Court of Camden County against one Curtis Howell to collect an account for merchandise sold to "Sue's Automotive Paint and Supply." That action on account was tried on August 16, 1984. One Randy Rush appeared as the only witness for the corporation. The trial resulted in a verdict for defendant Curtis Howell.

On August 16, 1984, respondents Susan Howell, Stacy Howell, Tamera Howell, d/b/a Sue's Automotive Paint and Supply, filed an action in the Circuit Court of Camden County against the corporation for defamation of their reputation for credit. A summons was issued by the Circuit Clerk. While it is not shown on the copy in the record before this court, in its dictated findings, the trial court said, "I notice upon reviewing that summons that on the front it says serve Randy Rush, Office Manag-

er." When Randy Rush was in the courtroom of the Circuit Court of Camden County he was served with a summons and a copy of the petition in the defamation action. The return of service on that summons stated it was served "by delivering on the 16th day of August, 1984, a copy of the summons and a copy of the petition to each of the within named defendants Randy Rush." On October 5, 1984, the circuit court rendered a default judgment on the petition for defamation against the corporation for $30,000 actual damages and $30,000 punitive damages.

The Sommerhausers first learned of the defamation action on December 10, 1984, upon the service of an execution. On December 12, 1984, the corporation filed in the defamation action three Petitions for Review to set aside the default judgment. Subsequent to service upon the plaintiffs, those petitions have been treated as motions. Among other things, those pleadings asserted the default judgment was void because of failure of service of process. On January 14, 1985, the plaintiffs filed a motion to amend the sheriff's return. That motion sought to amend the return by the incorporation of an affidavit of the deputy sheriff that served the summons. The affidavit stated, "that during the course of said prior suit, and on the day that said summons was served upon him, Mr. Randy Rush testified that he was the General Manager of Autobody Color Company, Inc."

A hearing upon the Petitions for Review was held on January 30, 1985. Without objection, Dan Sommerhauser and Linda Sommerhauser each testified as follows. Each described the limited authority of Randy Rush as a store sales manager of the North Kansas City store. Each said Randy Rush did not deliver a summons or petition to either of them. They had no knowledge of the defamation action until after the attempted service of the writ of execution.

After the close of the evidence and arguments by counsel, the court sustained the motion to amend the return of service. The trial court dictated findings and conclusions into the record. The trial court found the corporation was bound by the testimony of Randy Rush at the August 16th trial. The trial court further determined it was bound by the amended return as aided by the testimony of Randy Rush. Upon this basis, the Petitions for Review were denied. The trial court granted the corporation a rehearing upon the petitions and a hearing upon a subsequently filed motion asserting the insufficiency of the return of service. The petitions were again denied and the motion was denied.

The corporation asserts several reasons why the denial of the petitions and the motion was error. They include the following: the insufficiency of the evidence to support the default judgment; the insufficiency of the testimony of Randy Rush to establish the scope of his own agency; the impropriety of permitting the amendment to the return of service; and that the plaintiffs had no standing to seek to amend the return.

The corporation also relies upon the proposition that when a return of service is deficient upon its face, it cannot be aided by evidence. It argues that because of that deficiency, the court acquired no jurisdiction and the judgment is void. It cites cases such as *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62 (banc 1956) and *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816 (Mo.App.1981). The corporation argues that even as amended the return is deficient upon its face for two reasons. First, it does not in any way purport to be service upon the corporation. Second, it does not state that it was served upon an officer, partner or managing or general agent or in any other manner prescribed by Rule 54.13. In connection with this proposition, those interested may see cases such as *Feurt v. Caster*, 174 Mo. 289, 73 S.W. 576 (1903); *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605 (Mo.App.1985); *Holtschneider v. Chicago, R.I. & P. Ry. Co.*, 107 Mo.App. 381, 81 S.W. 489 (1904).

It is not necessary to further consider that proposition or the other contentions of error advanced by the corporation. For the

purpose of the disposition of this appeal, the return may be considered as stating that it was served upon the corporation by delivering a copy to Randy Rush, who testified he was general manager.

■ It had been the rule in this state that a sheriff's return, regular on its face, is conclusive except where the plaintiff has aided or knowingly taken advantage of a false return. *Orgill Bros. and Co., Inc. v. Rhodes,* 669 S.W.2d 302 (Mo.App.1984). By H.B. 947, effective August 13, 1984, Rule 54.22 was amended. As amended, that rule includes the following:

> The return of service shall be considered prima facie evidence of the facts recited therein. However, the party served or the sheriff, his deputies and sureties and bondsmen or any other person making the service shall be permitted to show the true facts of service and impeach the return when the return does not comport with the facts as found by the court.

Id. The effect of this amendment has been thoroughly and incisively considered in *Hoffman v. Quality Chrysler Plymouth Sales, Inc.,* E.D. 706 S.W.2d 576 (Mo.App. 1986). In summary, that case holds that a return of service may be impeached by clear and convincing evidence showing the true facts of service.

Dan Sommerhauser and Linda Sommerhauser each testified Randy Rush was not the general manager of the corporation. They supported that conclusion by demonstrating that Randy Rush had none of the various powers possessed by a managing or general agent of a corporation. They described his very limited authority as a sales manager of one of the corporation's four stores. The testimony of these two witnesses was confirmed by the testimony of the sales manager of the St. Joseph store.

■ Even as amended, the return is not prima facie evidence of service in a manner required by Rule 54.13. It can be nothing more than prima facie evidence that a witness testified he was general manager. However, it may be assumed, without deciding, that evidence offered by the plaintiffs, admitted without objection, may be considered in support of the return. That evidence developed the following. Reference was made to a partial transcript of the trial of the action on account containing the testimony of Randy Rush that he had been manager of the St. Joseph store but became general manager. Someone on behalf of the plaintiffs directed the summons be served upon Randy Rush, "office manager." Curtis Howell was alternatively referred to as manager or office manager of Sue's Automotive Paint and Supply. Sue Howell first said Randy Rush testified "he was the office manager of Autobody Color, or general manager, I'm sorry." She later stated that Dan Sommerhauser was managing the corporation.

■ The terms "managing or general agent" as used in Rule 54.13 have a technical meaning. See *State ex rel. M.F.A. Mutual Ins. Co. v. Rooney,* 406 S.W.2d 1 (Mo. banc 1966). It has been held that testimony that one was an agent of a corporation could be given no weight as "[s]uch statements are mere legal conclusions of the witness." *Hartwig-Dischinger Realty Co. v. Unemployment Comp. Com'n,* 350 Mo. 690, 168 S.W.2d 78, 81 (Mo. banc 1943). Also see *Francis v. Saleeby,* 282 S.W.2d 167 (Mo.App.1955).

Upon this record, the non-conclusory and unconflicting testimony was clear and convincing evidence that Randy Rush was not a managing or general agent within the meaning of Rule 54.13. See *State ex rel. M.F.A. Mutual Ins. Co. v. Rooney,* supra. Service was not had in a manner prescribed by Rule 54.13(a)(3). Cf. Gerding v. Hawes Firearms Co., supra. The judgment of the trial court is reversed and the default judgment of October 5, 1984, against the corporation is set aside and the cause is remanded.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.