Barbara BENSON, Plaintiff-Respondent,

v.

JIM MADDOX NORTHWEST IM-
PORTS, INC., & Michael
Stretch, Defendants-Appellants.

No. 51134.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 31, 1987.

Motion for Rehearing and/or Transfer
Denied April 29, 1987.

James L. Van Dillen, Clayton, for defend-
ants-appellants.

Kenneth R. Singer, St. Ann, for plaintiff-
respondent.

STEPHAN, Presiding Judge.

Corporate defendant Jim Maddox North-
west Motors, Inc. and individual defendant
Michael Stretch appeal from a judgment
that awarded plaintiff Barbara Benson ac-
tual and punitive damages for the conver-
sion of her automobile. We affirm in part
and reverse in part.

On November 5, 1982, defendant North-
west Motors, Inc. sold plaintiff a 1979 Mer-
cury Marquis for $4,950.00. Plaintiff

drove the car for a week, then returned it to Northwest for minor repairs under the car's limited warranty. Some three weeks later, Northwest informed plaintiff the car was ready for pick-up. Plaintiff's husband attempted to retrieve the car, but it broke down on the way home. Plaintiff had the car towed back to Northwest where it was accepted for repairs by Northwest's general manager, defendant Michael Stretch. At Stretch's direction, the vehicle was left on the parking lot of a service station across the street from Northwest Imports. Much of the work performed under Northwest's limited warranties was done at the station. Sometime later Stretch informed plaintiff the car's engine would have to be replaced.

By June 1983, Northwest had neither repaired the car nor tendered it back to plaintiff. Consequently, on June 3 plaintiff's attorney presented Stretch with a written demand that Northwest repair and return the car to plaintiff within two weeks. Northwest did neither, and ultimately denied it possessed the car or knew of its whereabouts. Plaintiff sued Northwest and Stretch for conversion. The cause was tried by the court sitting without a jury. Judgment was entered against defendants for $4,815.00 actual and $4,000.00 punitive damages.

■ In their first point, defendants assert the judgment against Michael Stretch cannot stand because plaintiff "... failed to show that Stretch was an active, knowing participant in any alleged conversion." We disagree. The record before us supports, and defendants do not challenge, the trial court's finding that Stretch accepted plaintiff's car for repairs on Northwest's behalf and later refused plaintiff's demand for the car's return with a denial that Northwest had possessed the car since its sale to plaintiff. From Stretch's bad faith denial the trial court could fairly have inferred active, knowing participation in the conversion. For acts of misfeasance or positive wrong, the participating servant is liable to third persons, as well as the master. *Peckham v. Lindell Glass Co.*, 9 Mo. App. 459, 463 (1881); *Blasinay v. Albert Wenzlick Real Estate Co.*, 235 Mo.App.

526, 138 S.W.2d 721, 725 (1940). Defendants' first point is denied.

■ Defendants next contend plaintiff's contributory negligence or assumption of risk should have barred her recovery. We reject this contention summarily. "Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Maples v. United Savings and Loan Association*, 686 S.W.2d 525, 527 (Mo.App.1985). It is an intentional tort, and neither contributory negligence nor assumption of risk is a defense to it. Defendant's second point is denied.

■ Defendants, in their third point, challenge the actual damages award as against the weight of the evidence. The trial court arrived at the $4,815.00 actual damages award by subtracting from the car's purchase price ($4,950.00) the amount plaintiff owed Northwest on a promissory note ($135.00). Defendants argue that in so doing the trial court ignored evidence that at the time the car was allegedly converted, it needed a new engine.

We find no error because the record establishes only that the car would not run. Any number of mechanical failures can prevent an automobile from operating. Not all of these failures necessarily impair a car's value. Plaintiff did testify that after the breakdown Stretch told her the car's engine would have to be replaced. This evidence, however, hardly compels the conclusion that the car in fact needed a new engine. The trial court was therefore at liberty to disregard it, and to find the car's fair market value to be what plaintiff paid for the car just weeks before it was converted. Point denied. The judgment insofar as it awards plaintiff $4,815.00 actual damages is affirmed.

■ Finally, defendants meritoriously claim the $4,000.00 punitive damage award cannot stand. Punitive damages must be pleaded and proved. Rule 55.19; *Hallmark v. Stillings*, 648 S.W.2d 230, 237 (Mo.App.1983). Plaintiff in this case failed to plead or pray for punitive damages, and she made no recognizable attempt to prove

defendants were actuated by malice when they converted her car. The judgment, insofar as it awards plaintiff $4,000 punitive damages, is therefore reversed.

The judgment is affirmed in part and reversed in part.

CARL R. GAERTNER and SIMON, JJ., concur.