Frankie Ruth KITCHENS, Respondent,

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellant.**

WD 38898.

Missouri Court of Appeals,
Western District.

Aug. 4, 1987.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Sept. 29, 1987.

Richard L. Martin and Steven M. Leigh, of Johnson, Lucas, Bush, Snapp & Burgess, Kansas City, for appellant.

Harold A. Kyser of Kyser Law Office, Butler, for respondent.

Before KENNEDY, C.J., and MANFORD and LOWENSTEIN, JJ.

MANFORD, Judge.

Appellant appeals from a default judgment entered by the circuit court, and from the court's order overruling appellant's motion to set aside and vacate the default judgment and for new trial. The judgment of the circuit court is hereby affirmed in part and reversed and remanded in part.

The pertinent facts are as follows:

Plaintiff, hereinafter respondent, initiated this action for personal injuries she allegedly sustained as a result of a crossing accident. The petition was filed on June 27, 1986. The return of service shows that appellant was served with summons and a copy of the petition by service on Mitzy Graybeal, Office Manager, at 12:05 p.m. on July 7, 1986, at appellant's offices located at 6400 Martin, Kansas City, Missouri. Appellant failed to appear or to file any responsive pleadings, and on October 21, 1986, a default hearing was conducted on respondent's damages. Appellant was found to be in default, the issues were found in favor of respondent, damages were assessed in the amount of $40,000.00, and judgment was entered on October 21, 1986.

Appellant alleges that it first received notice of this action on October 27, 1986, when a statement of costs was received by appellant from the clerk of the circuit

court. On November 4, 1986, appellant filed an entry of appearance, a proposed answer to the petition, a motion to set aside and vacate the default judgment and for new trial, and suggestions in support of the motion.

On November 17, 1986, a hearing was conducted on appellant's motion. Appellant's first witness was Mitzy Graybeal. Graybeal testified that she was office manager for appellant's Kansas City office and that her duties consisted of handling administrative matters for the general manager. Graybeal stated that she was not in charge of the office on July 7, 1986 (the day of service). Rather, the general manager, the assistant general manager, the general superintendent of transportation, and the director of administration were the individuals in charge of the office on that day.

Graybeal testified that she was never served with the petition and summons in this case. Prior to her employment with appellant, Graybeal worked for the Clay County Prosecutor's office as a legal secretary, and Graybeal testified that she knew what a summons and petition in circuit court looked like and that she was aware of their significance. Graybeal stated that subsequent to the date of service, she has searched her desk and office twice and she never found the petition and summons.

Appellant's second and final witness was Darrell Clagbill, an employee of appellant. Clagbill, the locomotive engineer involved in the crossing accident, testified to the details of the accident.

The trial court entered its order on November 20, 1986. The order stated that appellant had a meritorious defense to respondent's claim and that there was no showing of prejudice to respondent if the judgment be set aside. The court further determined that appellant had failed to show, by clear and convincing evidence, that it was not in fact served with summons and petition or that appellant had a reasonable excuse for its failure to timely answer the petition. The court entered its order overruling appellant's motion to set aside and vacate the default judgment and

for new trial. Appellant timely filed its notice of appeal.

Appellant raises five points on appeal which charge, in summary, that the trial court erred in overruling its motion because (1) appellant's evidence was clear and convincing and showed that appellant was not in fact served with petition and summons; (2) appellant was not served in accordance with Rule 54.13(a)(3); (3) the trial court abused its discretion because appellant established it had a meritorious defense to respondent's claim, that appellant exercised due diligence or had good cause or excuse for being in default, and that respondent would not be prejudiced if the default judgment was set aside; (4) respondent failed to give appellant notice of the default hearing; and (5) there was no substantial evidence to support an award of $40,000.00.

Rule 54.22 states:

The court may in its discretion within one year thereof allow any process, return or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued. The return of service shall be considered prima facie evidence of the facts recited therein. However, the party served, or the sheriff, his deputies and sureties and bondsmen or any other person making the service shall be permitted to show the true facts of service and impeach the return when the return does not comport with the facts as found by the court. The court shall have jurisdiction within the time stated to set aside a judgment if one has been entered or to modify same in whole or in part as justice requires or take such further action it deems proper.

For its first point, appellant argues that its evidence impeaching the return was clear, convincing and uncontroverted and that the trial court was therefore in error in overruling appellant's motion. Appellant states in its brief: "Plaintiff [respondent] presented no evidence concerning service of process at the November 17, 1986 hearing and relied solely on the return of

service." Appellant apparently misreads the very rule upon which it relies, which states that the return of service is considered *prima facie evidence* of the facts recited therein. Rule 54.22.

In its order overruling appellant's motion, the court states:

The evidence in this case, presented by witness Graybeal's testimony and the return of the deputy, is no more convincing that the deputy did not hand the Summons and Petition to Ms. Graybeal than it is that he did in fact deliver the process as he said he did. Defendant's evidence of no service is not corroborated in any fashion. This Court is not clearly convinced that service of process was not accomplished as the deputy said it was, thus Defendant's evidence fails to meet the required burden of proof.

■ Insofar as the evidence was conflicting, this court must accord deference not only to the trial court's findings depending on credibility, but also to the court's conclusions. *See Kershner v. Hilt Truck Line, Inc.,* 637 S.W.2d 769, 771 (Mo.App.1982). The return of service is substantial evidence supporting the court's order. It was within the discretion of the trial court to disbelieve Graybeal's testimony. The court did not abuse its discretion and appellant's point (1) is thus ruled against it.

For its point (2), appellant argues that the court erred in overruling its motion because service was not made pursuant to Supreme Court Rules.

Rule 54.13(a)(3) provides that personal service within the state may be made

[u]pon a domestic or foreign corporation ..., by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof ...

Respondent concedes that Graybeal was not an officer, partner, or managing or general agent, but respondent argues that service was proper under Rule 54.13(a)(3) because on the date of service, Graybeal, as office manager, was "the person having charge" of appellant's business office.

Graybeal testified that she was office manager but that she did not have charge of the office; rather, the general manager, the assistant general manager, the general superintendent of transportation and the director of administration had charge of the office. Graybeal stated that her duties and responsibilities as office manager were "all the administrative duties for the General Manager." She did not, however, describe what those "administrative duties" consisted of. Graybeal did state that she had accepted service of summons and petition on behalf of appellant on a previous, unrelated lawsuit.

■ Any employee, even a clerical employee, can receive service of process on behalf of an employer if, in fact, the employee was in charge of the office at the time of service. *See Kennon v. Citizens Mutual Insurance Co.,* 666 S.W.2d 782, 785 (Mo.App.1983). Whether an employee is in charge of a defendant's office, within the meaning of Rule 54.13, is a question of fact. This court must defer to the trier of fact on factual issues and cannot substitute its judgment for that of the trier of fact. Such deference is not limited to the issue of credibility of witnesses, but also to the trial court's conclusions, and all fact issues are deemed to have been found in accordance with the result reached by the trial court. *Askins v. James,* 642 S.W.2d 383, 386 (Mo. App.1982).

■ In its order, the trial court stated:

The only evidence in this case is that Defendant had an office at 6400 Martin, Kansas City, Missouri, and that Mitzy Graybeal was the Office Manager of that office bearing all administrative duties for the General Manager of the office. Her belief that the General Manager was in charge of the office on July 7, 1986, does not overcome the fact that she was apparently in charge of that office that day.

The trial court found that Graybeal was, in fact, in charge of the office at the time of service. The evidence, viewed in the light most favorable to respondent, substantially supports the judgment of the trial court.

Appellant attempts to draw an analogy between this case and *Howell v. Autobody Color Co., Inc.,* 710 S.W.2d 902 (Mo.App. 1986). In *Howell,* plaintiff obtained service on the corporation by serving "Randy Rush, Office Manager." The trial court later allowed an amendment to the service return based on Rush's testimony that he was general manager of the corporation. The defendant/corporation challenged the service of process, arguing that Rush was not, in fact, a "managing or general agent." The trial court found in favor of defendant, noting that the terms "managing or general agent," as used in Rule 54.13, have a technical meaning. *Id.* at 905. *Howell,* however, can be distinguished from the present case in two critical aspects.

First, the question addressed by the court was whether Rush was a "managing or general agent" of the corporation. The issue of agency is a mixed question of law and fact. On the other hand, the issue of whether an employee is "in charge" of defendant's office is simply a question of fact which, in the present case, was resolved in favor of respondent. Second, in *Howell,* defendant/corporation brought forth evidence of Rush's limited authority as the store sales manager. The trial court found that defendant's evidence was clear and convincing that Rush was not a "managing or general agent" of defendant. In the present case, appellant's only evidence that Graybeal was not in charge of the office was Graybeal's testimony that she believed she was not in charge. There was no evidence as to Graybeal's duties, responsibilities and authority in the office and the trial court simply held that appellant's evidence was not clear and convincing. There was no error.

For its point (3), appellant charges that the trial court erred in overruling appellant's motion because appellant established that it had a meritorious defense, that respondent would not be prejudiced by setting aside the default judgment, and that appellant had a good and reasonable excuse for being in default.

Default judgments have long been the subject of controversy in our courts. The nature of our judicial system mandates that when a party is subject to civil liability, he must appear in court to defend against such claims or suffer the consequences of default. On the other hand, to hold a party liable by default when that party may have a meritorious defense violates our sense of due process. This dilemma was aptly described in a recent opinion of the Missouri Supreme Court which stated that ...

> [i]f the courts are too lenient with the party in default, the rules of procedure will not be complied with and litigation will become increasingly inefficient. Furthermore, a primary goal of the judicial system is finality. Litigation must end if the public is to have confidence in the court's ability to resolve disputes. If judgments are too easily vacated, then the public will not be able to rely on the court's decisions to formulate a future course of conduct. On the other hand, a primary goal of the judicial system is to seek the truth and to do justice between the parties. To promote this goal a case must be decided on the merits; procedural "niceties" should not pose insurmountable barriers. These competing goals of efficiency, finality, and justice must be carefully balanced to ensure the public's confidence in the court system.

*Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883 (Mo. banc 1987), quoting Laughrey, Default Judgments in Missouri, 50 Mo.L.Rev. 841, 843–44 (1985).

In order to effect a proper balance of these competing goals, courts promote the general rule that where a motion to set aside a default judgment discloses a meritorious defense, and also shows reasonable diligence or excuse for default or non-appearance and no substantial injury to plaintiff from a delay, the trial court, in its discretion, may set aside the default judgment. *Murray v. Sanders,* 667 S.W.2d 426, 428 (Mo.App.1984) and *Schoenhoff v. Owens,* 564 S.W.2d 273, 275 (Mo.App.1978). In its order, the trial court found that appellant had a meritorious defense and that respondent would not suffer substantial

prejudice by setting aside the default judgment. However, the court held that appellant did not establish a good and reasonable excuse for being in default, and, absent an abuse of discretion, this court will not disturb such holding. Appellant has failed to establish an abuse of discretion and this court holds that there was no such abuse of discretion.

Appellant's point (4) charges that the trial court erred in overruling appellant's motion because respondent failed to give notice of the default hearing. Appellant concedes that respondent is not under any duty (under supreme court rules) to give appellant such notice. Rather, appellant argues that as a matter of fairness, under constitutional considerations, appellant was entitled to notice. Appellant cites *Traders Bank of Kansas City v. Cherokee Investment Co., Inc.*, 642 S.W.2d 122 (Mo.App. 1982), wherein the court held that constitutional considerations made notice imperative. *Traders Bank*, however, is distinguishable from the present case.

■ In *Traders Bank*, defendant was in default, but did file a motion, out of time, requesting an enlargement of the time within which to plead and a motion to dismiss. Thereafter, default judgment was taken against defendant without notice. The appellate court recognized that although defendant was technically in default, it was trying to defend. In such situation, it violates our sense of due process to slam the court house door in the face of a defendant who's trying to come in. However, in the present case, no one was at the court house door. Appellant had made no appearance whatsoever. The rules do not require that in every instance where a defendant is in default he must be notified that a judgment may be rendered against him. Appellant, as the trial court held, had been properly served with process, and thereafter was put on notice that if it failed to appear, it would suffer the consequences of default.

Appellant's reliance on *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (banc 1950), is also misplaced. In *Hoppe*, the trial court ordered a new trial without giving notice or hearing to the parties. The Missouri Supreme Court held that, although the statute did not require notice, such would be required as the essence of fairness and justice. Here again, the defendant (appellant) in *Hoppe* had made an appearance and had vigorously and successfully defended against plaintiff's claim. Such is not the circumstances in the present case.

Appellant further argues that constitutional considerations make notice imperative when there exists even the possibility of action adverse to a defendant's interests. This point has been taken up and ruled against appellant by the Missouri Supreme Court in *Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985).

In *Barney*, respondent obtained a default judgment against appellant. On appeal, appellant argued that the default judgment should be set aside for failure to give constitutionally required notice. The supreme court outlined a two-step procedure to obtain a default judgment when damages are unliquidated: First, if defendant fails to timely file a responsive pleading, plaintiff may obtain an interlocutory judgment of default. Rule 74.045. Second, damages are assessed and a final judgment is entered. Rule 74.09–.11. No time interval between these stages is required; nor is additional notice required.

*Barney* holds that where there is service of a valid summons, a defendant is given reasonable notice of the suit and the damage assessment upon default. There is simply no constitutional requirement that a defendant be given additional notice. Appellant's point (4) is ruled against it.

For its final point, appellant charges that the trial court erred in overruling its motion because there was no substantial evidence to support an award of $40,000.00 in damages. This court agrees.

■ In order to render a default judgment a final judgment where there is a claim for an unliquidated sum, there must be proper proof of damages. *Smith v. Sayles*, 637 S.W.2d 714, 717 (Mo.App.1982). Where the claim is for permanent physical

injuries, damages must be shown with reasonable certainty and as a matter of medical opinion. Permanency of injury and future medical necessity must be shown by competent evidence, and it is error to return damages not supported by proper evidence. *Id.* at 718; and *Harrison v. Weller*, 423 S.W.2d 226, 231 (Mo.App.1967).

■ At the default judgment hearing, respondent's only witness was herself. She testified that as a result of the crossing accident she sustained a bruise on top of her head, a small fracture in her right hand, broken teeth, and an injury, of an undescribed nature, to her neck and shoulder. She testified that she had pain and limited movement in her hand and neck which was of a permanent nature. There was no medical testimony or doctor's report. She presented doctors' bills in the amount of $1,050.00, and she testified that she was further indebted to a chiropractor in the amount of $1,000.00. She stated her injuries would require further medical treatment. Even assuming respondent's testimony was true, such evidence clearly cannot support an award of $40,000.00. Therefore, this court holds that the trial court's order overruling appellant's motion to set aside the default judgment is hereby affirmed only as to the issue of liability, and is hereby reversed and remanded for further proceedings on the issue of damages, and appellant will have the right to be heard to mitigate damages or even to defeat the action by showing that no damage resulted to respondent by the conduct alleged against appellant.

All concur.