**John J. BARRY and Michelle Barry, Respondents,**

v.

**EMERSON ELECTRIC CO., Appellant.**

No. 57837.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 15, 1991.

Application to Transfer Denied
March 5, 1991.

Jeffry S. Thomsen, James K. Muhlenbruch, St. Louis, for appellant.

Robert E. Morley, O'Fallon, for respondents.

CRIST, Judge.

Emerson Electric Co. appeals the denial of its motion to quash service and to set aside a default judgment against it in the sum of $50,000. We affirm.

■ Setting aside a default judgment is a matter left to the discretion of the trial court and the trial court's ruling is to be interfered with by the appellate court only for an abuse of discretion with the discretion not to set aside being a good deal narrower than the discretion to set aside. The appellate courts are more likely to interfere when the trial court has denied a request to set aside a default judgment than when it has granted such a request. *Saloma v. Saloma–Orozco*, 788 S.W.2d 799, 800 (Mo.App.1990).

Plaintiffs filed their original petition for damages as a result of injuries suffered by them in a rear-end automobile collision with a car driven by Earnest Zenker on July 11, 1986. In his deposition, Zenker testified the owner of the van he was driving was Emerson Electric. He testified the brakes failed to work and this failure was the cause of his collision with plaintiff. Thereafter the plaintiffs were granted their request to file an amended petition adding Emerson Electric as a party defendant.

On March 24, 1989, summons was issued directing Deputy Sheriff Robinson to serve Charles Hansen, the registered agent for Emerson Electric. A return of service was made and filed in the office of the circuit court of St. Charles County on April 4, 1989, showing service on March 30, 1989, by Deputy Sheriff Robinson on Lt. Hootselle of Emerson Electric. Zenker's lawyer was served a copy of the amended petition. No responsive pleading was filed by Zenker or Emerson. Plaintiffs dismissed their petition without prejudice against Zenker and took a default judgment against Emerson Electric in the amount of $15,000 for husband's personal injuries and $5,000 for loss of consortium; and $30,000 for wife's personal injuries.

On August 8, 1989, a motion to quash writ of summons and return of service and to dismiss for lack of service was filed by Emerson Electric. On that same day, Emerson Electric also filed a motion to set aside the default judgment. On December 7, 1989, an evidentiary hearing was held on the motions.

Several people testified for Emerson Electric including Chief of Security at Emerson Electric, Georg Opoulos. He stated three types of legal documents were served at Emerson Electric: garnishments; lawsuits against individuals; and lawsuits against Emerson Electric. Each type of lawsuit required a different procedure for service to be made. Emerson Electric had written guidelines for its procedure. Sometimes service was to be made at Building AA; sometimes service was to be made at Building Z.

At the hearing on the motion, Deputy Sheriff Robinson testified he normally served legal documents at Emerson Electric and had done so for about four years. He testified he knew Lt. Hootselle, the Supervisor of Security for the day shift at Emerson Electric. Deputy Sheriff Robinson said he had never been given any guidelines written or oral as to the procedure for who was authorized to receive service for Emerson Electric. He would usually follow instructions given to him when he arrived to serve process. His practice was to make contact with someone in charge with whom he could conduct his business. Lt. Hootselle was a point of contact for Deputy Sheriff Robinson. Deputy Sheriff Robinson stated he served two civil summons on Lt. Hootselle on December 27, 1988, and January 10, 1989, and had return of service on each. He testified when he served garnishments on Emerson Electric, service was accepted at the Security Office by Sgt. Weiler. There were occasions when he did serve papers at the legal department. On those occasions he would normally serve the legal secretary, Penny Backle. Deputy Sheriff Robinson testified he had never served Charles Hansen, Emerson Electric's registered agent.

Rule 54.22 provides:

[T]he return of service shall be considered prima facie evidence of the facts related therein. However, the parties ... shall be permitted to show the true facts of service and impeach the return when the return does not comport with the facts as found by the court.

In *Kitchens v. Missouri Pacific Railroad Company*, 737 S.W.2d 219, 222[2] (Mo.App.1987), the court stated that any employee, even a clerical employee, can receive service of process on behalf of an employer if, in fact, the employee was in charge of the office at the time of service. *Id.* Whether an employee is in charge of a defendant's office is a question of fact. *Id.*

■ Here, Lt. Hootselle had accepted service of process at different times in the past. The deputy sheriff's return of service showed Lt. Hootselle accepted service on this occasion. There is sufficient evidence for the court to believe Lt. Hootselle was in charge of the office when process was served. Having devised an intricate system of service of process upon it, Emerson Electric must accept the consequences of service upon its agent at a place where Emerson Electric normally and usually permitted service of process upon it. This point is denied.

Emerson Electric also asserts reversible error in the trial court's failure to set aside the default judgment because the pleadings and evidence showed a meritorious defense on behalf of Emerson Electric and showed that its nonappearance was for good cause, not being intentionally or recklessly designed to impede the judicial process.

Rule 74.05(c) provides:

Upon motion stating facts constituting a meritorious defense and for good cause shown ... a default judgment may be set aside.... Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

■ The trial court found that the elaborate procedure set up by Emerson Electric to receive service of process was designed to impede the judicial process. In point one, we found substantial evidence to support the court's judgment. In point two we also find Emerson Electric failed to present a meritorious defense.

In Emerson Electric's motions, it made bare allegations that the collision between plaintiffs and Zenker was not caused by the fault or negligence of Emerson Electric or its employee, Zenker. However, no evidence at the hearing was offered to support those allegations. Pleadings do not support themselves. Emerson Electric was not required at the evidentiary hearing to present extensive evidence on a full-blown defense, but it was required to make some showing to the court of the existence of at least an arguable theory of defense. *Luce v. Anglin*, 535 S.W.2d 504, 508[6–8] (Mo. App.1976). Emerson Electric failed to meet its burden of proof as to the existence of a meritorious defense. This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and PUDLOWSKI, J., concur.