Liddie PHILLIPS, Plaintiff–Respondent,

v.

Robert L. BRADSHAW d/b/a DISTINC-
TIVE EXTERIORS COMPANY, De-
fendant–Appellant.

No. 18562.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 13, 1993.

Donald Rhodes, Michael Moroni, Bloomfield, for defendant-appellant.

James M. McClellan, Dempster, Barkett, McClellan & Edwards, Sikeston, for plaintiff-respondent.

CROW, Presiding Judge.

Defendant, Robert L. Bradshaw, doing business as Distinctive Exteriors Company, appeals from an order denying his motion to set aside a default judgment against him. The judgment awards Plaintiff, Liddie Phillips, $500 actual damages and $12,500 punitive damages, and strikes a deed of trust from the public records of Scott County.

Defendant presents three points relied on; however, we address only the first two because the third violates Rule 84.04(d),[1] which reads:

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....
>
> Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

The purpose of the rule and the necessity of obeying it are explained in the leading case of *Thummel v. King*, 570 S.W.2d 679, 684–88 (Mo. banc 1978).

Defendant's third point reads:

> The trial court committed reversible error in failing to relieve Appellant of the default judgment entered herein as there appear such irregularities on the face of the record as to entitle Appellant to have the default judgment set aside or vacated.

The point yields no clue as to what the "irregularities on the face of the record" are, and furnishes no hint as to wherein and why such irregularities require vacation of the default judgment. The point therefore presents nothing for appellate review. *Cain v. Buehner and Buehner*, 839 S.W.2d 695, 697 (Mo.App.S.D.1992). *Draper v. Aronowitz*, 695 S.W.2d 923, 923–24 (Mo.App.E.D.1985); *Tripp v. Harryman*, 613 S.W.2d 943, 950 (Mo.App.S.D.1981).

By his first point, Defendant maintains the trial court erred in refusing to set aside the default judgment in that Plaintiff's petition failed to state a cause of action.

1. Rule references are to Missouri Rules of Civil Procedure (1993).

A default judgment should not be entered for a party if his petition fails to state a cause of action. *Jones v. Williams,* 357 Mo. 531, 209 S.W.2d 907, 910 (1948). A pleading which states no cause of action confers no subject matter jurisdiction on a court and is subject to dismissal. *Sisco v. James,* 820 S.W.2d 348, 351[4] (Mo.App. S.D.1991); *Wright v. Mullen,* 659 S.W.2d 261, 263[4] (Mo.App.W.D.1983). The only power a court without subject matter jurisdiction possesses is the power to dismiss the action. Rule 55.27(g)(3); *Sisco,* 820 S.W.2d at 351[4]; *Wells v. Noldon,* 679 S.W.2d 889, 891[7] (Mo.App.E.D.1984); *Gaslight Real Estate Corp. v. Labor and Industrial Relations Commission,* 604 S.W.2d 818, 820[4] (Mo.App.W.D.1980). Inasmuch as failure to state a cause of action is jurisdictional, the issue may properly be raised anytime during the proceedings, even for the first time on appeal from a default judgment. *Harding v. State Farm Mutual Automobile Ins. Co.,* 448 S.W.2d 5, 7–8[4] (Mo. banc 1969); *Eilers v. Kodner Development Corp.,* 513 S.W.2d 663, 665[1] (Mo.App.1974). Defendant's first point thus requires us to determine whether Plaintiff's petition pled a cause of action.

The record on appeal contains a copy of the three-count petition Plaintiff filed in the trial court. It is obvious that one or more pages were missing from the petition at time of filing. The first page begins with Count I and sets forth paragraph 1 and part of paragraph 2 of that count. The next page begins with two lines of allegations, followed by the prayer of Count I. Immediately thereunder is Count II, which begins:

> 1. That the Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs one through seven of Count I of the Petition.

It is thus evident that part of paragraph 2 of Count I, all of paragraphs 3 through 6 of Count I, and part of paragraph 7 of Count I are missing from the petition Plaintiff filed in the trial court.

After incorporating the allegations of Count I, the remainder of Count II appears (intact) on the second and third pages.

Count III appears (intact) on the third page. Paragraph 1 of Count III realleges and incorporates by reference each and every allegation in Count II. The result is that four full paragraphs and parts of two others are missing from all three counts.

In determining whether Plaintiff's petition, despite the missing allegations, stated a cause of action, we begin by noting that Defendant failed to challenge the petition until after the default judgment was entered. Where a petition is not attacked until after judgment, the intendments are taken most strongly in favor of the pleader. *Therrien v. Mercantile–Commerce Bank & Trust Co.,* 360 Mo. 149, 227 S.W.2d 708, 712[10] (banc 1950). A petition will be found sufficient after judgment if, after allowing those reasonable inferences and matters necessarily implied from the facts stated, the allegations are sufficient to advise the defendant with reasonable certainty as to the cause of action he is called upon to meet and bar another action for the same subject matter. *Sumpter v. J.E. Sieben Construction Co.,* 492 S.W.2d 150, 152–53[3] (Mo.App.1973).

The following averments appear in Plaintiff's petition. For convenience, we have numbered them, and have slightly paraphrased some.

1. At all pertinent times, Plaintiff was the owner of a house and lot at 612 North Street, Sikeston.

2. On or about July 6, 1987, Plaintiff and Defendant discussed a contract for siding to be placed on the house.

3. Plaintiff is not bound by any such contract in that she rescinded said contract orally and in writing within a reasonable time.

4. The rescission was supported by consideration in the form of the mutual release of the parties' respective....

5. Defendant has been unjustly enriched by his failure to return Plaintiff's $500 deposit.

6. Defendant, "maliciously compriving [sic]" to prevent Plaintiff from selling or mortgaging the property, did falsely, maliciously and without probable cause, public-

ly record a deed of trust in the office of the Recorder of Scott County. Attached to Plaintiff's petition and incorporated by reference is a copy of a deed of trust securing a note made by Plaintiff to Defendant for $12,682. The deed of trust is dated July 6, 1987, and describes a parcel of real estate by lot and block, "also known as 612 North St." The deed of trust shows it was signed by Plaintiff on July 6, 1987, and recorded October 2, 1987.

7. Defendant's acts and conduct were willful, wanton and malicious, entitling Plaintiff to punitive damages.

The prayer of Count I seeks an order setting aside the deed of trust and striking it from the Recorder's records, together with judgment "against the Plaintiff [sic]" in the amount of $500 plus interest "from the time when said deposit was due to Plaintiff."

The prayer of Count II seeks judgment for fair and reasonable damages "in excess of the jurisdiction of this Court."

The prayer of Count III seeks punitive damages.

Plaintiff argues her petition pleads she made a contract with Defendant for installation of siding on her house at 612 North Street, she deposited $500 with him per the contract, and she thereafter rescinded the contract but Defendant failed to return the $500.

■ We agree that Plaintiff's petition, taking its intendments most strongly in her favor and according it all reasonable inferences and conclusions necessarily implied from its allegations, is sufficient to state a cause of action for $500. However, the default judgment granted more relief than that. Consequently, we must determine whether the petition pleads facts warranting the additional relief.

Giving the petition every inference to which it is entitled after judgment, we hold its allegations are sufficient to support the relief of nullifying the deed of trust and striking it from the Recorder's records. The allegations of the petition, combined with the provisions of the deed of trust, support a reasonable inference that the note and deed of trust constituted consideration from Plaintiff to Defendant per the contract.

■ Rescission of a contract extinguishes it as effectually as if it had never been made, and restores the parties to the positions they occupied before the contract was executed. *Alexander v. Link's Landing, Inc.*, 814 S.W.2d 614, 620[13] (Mo.App.S.D. 1991); *Henges Co., Inc. v. May*, 223 S.W.2d 110, 113[6] (Mo.App.1949). In other words, the parties are revested with their original rights regarding the subject matter, and they are no longer bound by the contract in regard to their subsequent actions. *Alexander*, 814 S.W.2d at 620[14]; *Henges Co., Inc.*, 223 S.W.2d at 113[6].

Here, the pleaded rescission of the contract entitled Plaintiff to the relief granted regarding the deed of trust.

■ We reach a different result as to the $12,500 punitive damages. While the face of the deed of trust shows it was recorded October 2, 1987 (some three months after the contract was made), the petition does not allege Defendant recorded the deed of trust *after* Plaintiff rescinded the contract. If Defendant recorded the deed of trust *before* Plaintiff rescinded the contract, we fail to see how that would support an award of punitive damages, and Plaintiff offers no explanation.

Expressed another way, Plaintiff's right to relief upon rescission of the contract (return of her $500 deposit and cancellation of the deed of trust) did not automatically entitle her to punitive damages merely because Defendant recorded the deed of trust. Plaintiff would have a claim for punitive damages only if Defendant's recording of the deed of trust constituted an independent tort and his conduct was malicious.

■ The test to be applied in determining whether malice existed as a basis for an award of punitive damages is whether the defendant did a wrongful act intentionally without just cause or excuse. *Stark v. American Bakeries Co.*, 647 S.W.2d 119, 123[6] (Mo. banc 1983). To be assessed punitive damages, the defendant

must not only have intended to perform the act which is ascertained to be wrongful, but must have known it was wrongful when he did it. *Id.* at 123[7]. While malice may be averred generally, *Willett v. Slay Warehousing Co., Inc.,* 735 S.W.2d 60, 61–62[3] (Mo.App.E.D.1987), Plaintiff was nonetheless required to plead facts from which it could reasonably be found that Defendant's recording of the deed of trust was wrongful and Defendant had no just cause or excuse for doing so. *Cf. Peterson v. Continental Boiler Works, Inc.,* 783 S.W.2d 896, 903–04[4] (Mo. banc 1990). *See also Benson v. Jim Maddox Northwest Imports, Inc.,* 728 S.W.2d 668, 669–70[5, 6] (Mo.App.E.D.1987). Because Plaintiff's fragmented petition pleads no facts demonstrating she rescinded the contract before Defendant recorded the deed of trust, we hold the petition pleads no independent tort for which punitive damages could be awarded. Consequently, the trial court lacked authority to award them, and that portion of the default judgment should have been set aside. *Benson,* 728 S.W.2d at 669–70[5, 6].

This brings us to Defendant's second point, which avers the trial court's refusal to set aside the default judgment was erroneous in that Defendant had good cause for failing to defend Plaintiff's action, his failure to defend was not intentionally or recklessly designed to impede the judicial process, and he had a meritorious defense.

The return on the summons is signed by a deputy sheriff and shows he delivered a copy of the summons and a copy of the petition to Defendant January 18, 1992. As of April 23, 1992, Defendant had filed nothing in the trial court, so Plaintiff and her lawyer appeared in court that date and obtained the default judgment. Defendant filed his motion to set the judgment aside May 21, 1992.

At an evidentiary hearing on Defendant's motion, Defendant testified he was unaware of the instant suit until a chance encounter with Plaintiff around May 10, 1992, at which she said she had "some enormous judgment" against him. Defendant avowed he never received a summons in this suit.

The deputy sheriff who signed the return was a witness at the evidentiary hearing. He recalled serving papers on Defendant. The deputy identified his signature on the summons in this suit. He had no specific recollection of serving it, but added, "I only go by that paper."

In its order denying Defendant's motion to set the judgment aside, the trial court found, *inter alia:*

That the return on the Summons is proper on its face and ... the Court finds that Defendant was served on the 18th day of January, 1992 by delivery of a copy of the Summons and copy of the Petition to said Defendant.

 A party seeking to set aside a default judgment must prove three elements: (1) he had a good excuse for being in default, (2) he had a meritorious defense to the action, and (3) the adverse party would not be substantially harmed by the delay resulting from the default being set aside. *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85, 89[8] (Mo. banc 1983).

 Whether Defendant was served was a fact issue for the trial court to determine. The trial court resolved that issue against Defendant. The return of service on the summons is substantial evidence supporting the trial court's finding. *Kitchens v. Missouri Pacific Railroad Co.,* 737 S.W.2d 219, 222[1] (Mo.App.W.D.1987). It was within the trial court's discretion to disbelieve Defendant's testimony that he received no summons. *Id.* at 222.

 Defendant's only excuse for being in default was that he was never served. He offered no other explanation for ignoring the suit. Inasmuch as the trial court found Defendant was served, Defendant is left with no excuse for defaulting. Consequently, *Gibson by Woodall v. Elley,* 778 S.W.2d 851 (Mo.App.W.D.1989), cited by Defendant, does not help him.

In *Gibson,* the defendant did not deny being served. Instead, the defendant explained how the suit papers were mishandled by those responsible for defending the

suit. The trial court refused to set aside a default judgment. On appeal, the Western District of this Court reversed, explaining that setting aside a default judgment is within the trial court's discretion, but the discretion not to set aside is a good deal narrower than the discretion to set aside. *Id.* at 853–54.

Here, Defendant did not contend his default resulted from inattention, forgetfulness, ignorance, or neglect by others. He simply denied being served. In that respect, the instant case also differs from *Newton v. Manley,* 824 S.W.2d 522 (Mo. App.S.D.1992), cited by Defendant. There, the defendant testified she took the summons and petition to the office of her insurer. Although agents of the insurer denied receiving the papers, the trial court did not resolve that fact issue against the defendant.

Here, because Defendant's only excuse for the default was disbelieved by the trial court, we hold Defendant failed to establish good cause for his default. The absence of that element makes it unnecessary to determine whether Defendant showed he had a meritorious defense. *Sullenger,* 646 S.W.2d at 90[11]. Defendant's second point is denied.

In determining the proper disposition of this appeal, we are guided by *Kitchens,* 737 S.W.2d 219. There, a trial court denied a defendant's motion to set aside a default judgment. The appellate court affirmed the trial court's ruling as to the issue of liability, but found the evidence on damages insufficient to support the amount awarded. The appellate court reversed the portion of the judgment awarding damages and remanded the case for further proceedings on that issue alone. *Id.* at 225.

Having decided earlier that Plaintiff's petition in the instant case pled no cause of action for punitive damages, we reverse, in part, the trial court's order denying Defendant's motion to set aside the default judgment, and remand the case to the trial court with directions to set aside the portion of the default judgment awarding Plaintiff $12,500 punitive damages. If Plaintiff desires to pursue a claim for puni-

tive damages, she can file an amended petition. As Defendant has served no responsive pleading, Plaintiff can amend "as a matter of course." Rule 55.33(a).

Except as specified in the preceding paragraph, the trial court's order denying Defendant's motion to set aside the default judgment is affirmed. Costs of this appeal are taxed half against Plaintiff and half against Defendant.

PARRISH, C.J., and MONTGOMERY, J., concur.